# STATE v. DELINQUENT TAXPAYERS. No. 1.—167 S. W. (2d) 690.

Eastern Section. June 20, 1942.

Petition for Certiorari denied by Supreme Court, November 7, 1942.

64

C. C. McNabb and George R. Shepherd, both of Newport, for appellant.

William M. Crawford, of Newport, for appellee.

McAMIS, J. The Town of Newport has appealed from a decree in the amount of $1,300 allowed the firm of Parrott and Ray, practicing attorneys of Newport, for representing it in a suit to collect delinquent taxes.

By the assignments it is insisted that the appointment of Parrott and Ray as attorneys for the town was invalid, as adjudicated in another proceeding in which said attorneys were petitioners, and, in any case, that suit to collect municipal taxes could only be filed in the suit to collect delinquent taxes due the state and county and, finally, that if the appointment of said attorneys be held valid that the amount allowed is excessive. It is also insisted that the Chancellor erred in treating as consolidated the various proceedings to be herein mentioned.

In January, 1935, the firm of Parrott and Ray was named delinquent tax attorneys for Cocke County by the trustee of the county. This appointment is in writing and bears date of February 7, 1935. It was later approved by the Chairman of the County Court of Cocke County. Mr. Ray, it appears, was at the same time City Attorney of Newport. On July 12, 1935, having been furnished a certified list of delinquent taxpayers by the Recorder of the Town of Newport, and with the approval

of the trustee of Cocke County, Parrott and Ray filed an original bill in the Chancery Court of Cocke County, styled State of Tennessee, for the use and benefit of the Town of Newport, versus Seaton Hance, et al., for the purpose of collecting in excess of $40,000 due the Town of Newport in delinquent taxes.

On February 26, 1936, Charles C. McNabb, attorney, filed a second suit, being Cause No. 2764 of the Chancery Court at Newport, for the purpose of collecting taxes on the same property. On February 27, 1936, McNabb, without the knowledge of Parrott and Ray, appeared before the Chancellor in the first suit of State of Tennessee versus Seaton Hance et al., being Cause No. 2724, and took a voluntary nonsuit. The name of Charles C. McNabb appears on the order of dismissal as attorney for the town.

Parrott and Ray learned of the order of dismissal more than thirty days after its entry and filed a petition in the second suit naming as respondent Charles C. McNabb, attorney, and seeking a vacation of the order of dismissal in Cause No. 2724 and an order restraining Charles C. McNabb from further interfering with the prosecution of Cause No. 2724 filed by petitioners, Parrott and Ray.

The petition later came on for hearing before Chancellor Drinnon and, notwithstanding the fact that the order of dismissal had become final by reason of the lapse of thirty days, a decree was entered adjuicating that the order of appointment of Parrott and Ray by the Town of Newport was invalid and that the first suit was improperly instituted. Upon appeal to the Supreme Court,[1] it was held that the order of dismissal had become final when the petition was filed and that it was unnecessary to

[1]Opinion of Oct. 16, 1937, not designated for publication.

decide other questions. The decree of the Chancellor was accordingly affirmed upon the ground that the petition could not be maintained since the order of dismissal had already become final. The holding of the Supreme Court is clearly to the effect that any attempted adjudication by the Chancellor upon the petition was coram non judice and void. This question will be further considered in connection with the claim of res adjudicata urged by counsel for the town.

Later, on December 16, 1937, Parrott and Ray filed a second petition in Cause No. 2764 seeking to collect their reasonable attorney's fees for services rendered in Cause No. 2724. This was in the nature of an independent proceeding and presents the questions for determination upon this appeal.

We consider first the insistence that Parrott and Ray had no authority to institute Cause No. 2724 on July 12, 1935.

As found by the Chancellor, the Charter of the Town of Newport created the office of Recorder and, by Section 10 of the Act, Acts 1903, c. 104, placed the duty upon the Recorder to collect all delinquent taxes due the Corporation and in addition imposed upon him all other duties to be later prescribed by ordinances of the town. An ordinance was later passed requiring the Recorder to make out and deliver to the County Trustee a certified list of delinquent property taxes on or before the first day of June of each year, with a view to having sales for municipal taxes at the same time sales were to be made for state and county taxes.

The time provision of the ordinance referred to appears to be in conflict with the provisions of Code, Section 1588, requiring the trustee to deliver to the delinquent tax attorney of the county a delinquent list showing all unpaid

land taxes between February 1 and March 1 and making it the duty of the County Trustee and County Judge, or Chairman, "to cause said attorney to prepare and file suits in the chancery or circuit courts for the collection of all delinquent land taxes, and all arrears of taxes due the state, county, and municipality; and, so that delinquent and municipal taxes may be collected at the same time as other taxes, it shall be the duty of the proper municipal officers to furnish the county trustee or his attorney, certified lists of delinquent municipal taxes, unless otherwise provided."

In behalf of the town, it is insisted that the provisions of the statute are mandatory in two respects, first, that suit must be instituted by the delinquent tax attorney for the county upon municipal taxes as well as state and county taxes, not later than March 1, and, second, that municipalities cannot institute separate proceedings for the collection of delinquent taxes but must join in the suit to collect state and county taxes. It is insisted that, as a corollary of this contention, it must follow that compensation cannot be allowed an attorney who files suit in behalf of the municipality after March 1 and in an independent proceeding.

At the time of the institution of the suit filed by Parrott and Ray to collect municipal taxes, suit had already been instituted to collect delinquent state and county taxes and we find nothing in the Act withholding from municipalities the right to institute suit for the recovery of delinquent taxes in case the Recorder or other municipal official charged with the duty of collecting delinquent taxes, fails to act before March 1, by certifying delinquencies to the trustee for action by the delinquent tax attorney of the county.

It should be borne in mind that we are not considering here the rights of a municipal corporation against its Recorder for his delinquency in failing to certify delinquencies in taxes to the trustee for appropriate action before March 1, the time fixed by statute. We are of opinion, however, that where the Recorder has failed to act within the time fixed by statute the action of the tax attorney is not, ipso facto, void even though it may then be too late to join the municipality in the delinquent tax suits of the state and county and an independent proceeding may be necessary. Any other interpretation would require municipalities finding themselves in this situation to wait another year to bring suit.

We agree with the Chancellor that petitioners are not to be denied reasonable compensation merely upon the ground that the Recorder failed to take timely action in certifying tax delinquencies to the trustee. The attorneys who filed the suit acted with the consent and approval both of the Recorder and the trustee under an appointment approved by the County Chairman and we think were rightly held entitled to reasonable compensation for the services rendered. This is the only question open for consideration in the instant case relating to the validity of the appointment, except that it is mildly insisted that Chapter 814 of the Private Acts of 1935, amending the charter of the Town of Newport, provided for the appointment of a delinquent tax attorney for the municipality with the result that an attorney appointed under the provisions of the general statute, Code, Sections 1588 and 1591, could not thereafter represent the Town.

In response to this contention we think it is sufficient to say that the amendment merely authorizes the governing authorities of the town to select a delinquent tax attorney. Nothing in the Act makes such action

mandatory and it is not instituted that the town had acted pursuant to this auth'ority.

■ We find without merit the contention that the Chancellor erred in treating the several proceedings mentioned as consolidated cases. It appears that the proceedings in the first case, Cause No. 2724, were read or treated as in evidence in the proceeding now under review and its seems immaterial whether or not the two proceedings were treated as consolidated. Appellate courts in this state will not reverse for immaterial errors.

■ ■ It is next insisted that the decree of the Chancellor upon the petition of Parrott and Ray in the second proceeding in which they sought a vacation of the order of dismissal in Cause No. 2724 and a restraining order against Charles C. McNabb constitutes a judicial estoppel as to the matters involved in the instant case. This contention may not be sustained for two reasons. In the first place, the parties to that proceeding were different, the town not being a party to the relief sought by the petition. In the second place the matteres now to be determined were not open for adjudication in that proceeding because, as held by the Supreme Court, the order of dismissal in the first suit had become final by reason of the lapse of thirty days and any attempted adjudication as to the validity of the appointment of attorneys to bring that suit would necessarily be coram non judice and void. To constitute res adjudicata the adjudication relied upon as an estoppel must have been between the same parties. It is likewise elementary that the former adjudication must have been made by a tribunal clothed with authority to adjudicate. At least, the principles upon which the doctrine is founded presupposes a legal exercise of judicial authority.

█ █ Finally, it is insisted that the amount allowed by the Master's report, in which the Chancellor concurred, is erroneous and excessive because not based upon the proper premise. In support of this contention it is insisted that the witnesses who testified as to the value of the services rendered took into consideration the services of the attorneys incident to an attempt to have vacated the order of dismissal in the first suit. It does appear that certain witnesses considered these matters but at least one other witness testified that in his opinion $1,300 was a reasonable fee for the services rendered in connection with the filing of the bill and other services pertaining to Cause No. 2724. Opinion evidence of the value of the services rendered was not binding upon the Chancellor. It was his duty to consider such evidence and arrive at an inependent judgment of its value. We cannot say that his finding follows testimony based upon erroneous premises.

We find all assignments without merit and it results that the decree below will be affirmed, with costs.

Portrum and Ailor, JJ., concur.