EDITH CHITWOOD, SHIRLEY CHITWOOD,
ROBERT CHITWOOD, Plaintiffs-in-Error, v. GEORGE
W. MYERS AND HELEN M. PALMER, Defendants-in-
Error.—443 S.W.2d 827

Eastern Section. April 25, 1969.

Certiorari Denied by Supreme Court July 22, 1969.

(1)

Clifton Sexton, Oneida, Don C. Stansberry, Jr., Huntsville, for plaintiffs in error.

Frantz, McConnell & Seymour, Knoxville, for defendants in error.

TODD, J. In these three consolidated cases, the plaintiffs, Edith Chitwood, Shirley Chitwood, and Robert Chitwood have appealed in error from directed verdicts and judgments dismissing their respective suits against the defendants, George W. Myers and Helen M. Palmer.

When these appeals were first argued before the eastern section of this Court it was found that the bill of exceptions was not seasonably filed, and the Court announced that the bill of exceptions could not be considered. Thereupon, in open court, plaintiffs-in-error were granted leave to file amended assignments of error based upon the technical record alone. The present consideration of the appeals must therefore be confiend to the technical record and the sole assignment thus filed thereon, which is as follows:

"It was error for the Judge in the Trial Court to submit to the jury separately the case of B. B.

Chitwood, No. 7884 and the cross-action filed therein, without at the same time submitting the appellants' cases. (See the Final Judgment in this cause, Technical Record page 31). The appellants were passengers in the B. B. Chitwood vehicle and therefore their causes of action, though arising out of the same occurrence, are independent from the pilot case and possess no privity of issues. (See the Declaration, Technical Record, pages 4 to 15 and the Pleas filed in each of these causes. Technical Record pages 22 to 27)."

The technical record reveals that Edith Chitwood, Shirley Chitwood, and Robert Chitwood sued George W. Myers and Helen M. Palmer for damages arising out of personal injuries received by Edith and Shirley Chitwood while riding as passengers in a vehicle operated by B. B. Chitwood. The declarations allege that the Chitwood vehicle was struck by a vehicle being operated by George Myers and owned by Helen M. Palmer. The negligence of George Myers and Helen Palmer, as alleged in the declarations, is denied in the pleas of said defendants.

The technical record contains the following minute entry:

| | |
|---|---|
| "B. B. Chitwood<br>VS<br>GEORGE W. MYERS<br>and<br>HELEN M. PALMER | NO. 7884 IN THE CIR-<br>CUIT COURT FOR<br>SCOTT COUNTY,<br>TENNESSEE |

### ORDER RESPITING JURY

These causes came on to be heard before the Honorable Willard W. Kittrell, Jr., sitting by interchange for the Honorable William I. Davis, Judge of the Circuit Court of Scott County, Tennessee, on May 7, 1968, *at*

*which time it was agreed by the parties that the follow-
ing cases would be consolidated for purposes of trial
with the captioned matter,* and that all Orders, Judg-
ments and Pleadings in said consolidated cases would
hereinafter be referred to and carried under the above
caption:

NO. 7925 EDITH CHITWOOD VS GEORGE W.
MYERS AND HELEN M. PALMER

NO. 7926 SHIRLEY CHITWOOD VS GEORGE W.
MYERS AND HELEN M. PALMER

NO. 7927 ROBERT CHITWOOD VS GEORGE W.
MYERS AND HELEN M. PALMER

NO. 7950 MARY ELIZABETH MYERS VS B. B.
CHITWOOD

NO. 7951 EARL J. PALMER VS B. B. CHITWOOD

NO. 7952 BETH ANN MYERS B/N/F AND
FATHER, GEORGE W. MYERS VS. B. B.
CHITWOOD

NO. 7953 DONNAJEANNE PALMER B/N/F AND
FATHER, EARL J. PALMER VS B. B. CHIT-
WOOD

*and said agreement of the parties having been read
into the transcript of the record, it is so ORDERED."*
(emphasis supplied)

The final judgment reads in part as follows:

### JUDGMENT

*These consolidated causes* came on to be further
heard on May 8, 1968 before the same Court and the
same jury respited upon yesterday, and the trial of

said causes proceeded to the conclusion of the proof and the argument of counsel.

Whereupon, the Court charged the jury in detail in the action of B. B. Chitwood against George W. Myers and Helen M. Palmer and the cross-action of George W. Myers and Helen M. Palmer against B. B. Chitwood, and further instructed the jury to retire and consider of their verdict in that action and those cross-actions only, the Court specifically stating that he would further instruct the jury with regard to the other consolidated causes after receiving their verdict in the action of B. B. Chitwood against George W. Myers and Helen M. Palmer, and that (in the) cross-actions of George W. Myers and Helen M. Palmer against B. B. Chitwood.

Whereupon, the jury,

 \* \* \* \* \* \*

retired to consider of their verdict and returned into open court and announced that they found that Plaintiff, B. B. Chitwood, was guilty of negligence which proximately caused the accident made the basis of these consolidated causes, and that the Defendants and Cross-Plaintiffs, George W. Myers and Helen M. Palmer, were not guilty of negligence which caused the accident made the basis of these consolidated causes. They further announced that the action of B. B. Chitwood should be dismissed, and fixed the damages of Cross-Plaintiff, George W. Myers, at FIFTY-ONE DOLLARS ($51.00), and the damages of Cross-Plaintiff, Mrs. Helen M. Palmer, at TWO THOUSAND, NINE HUNDRED SIXTY-SEVEN DOLLARS AND NINE CENTS ($2,967.09) for damages to her proper-

ty, and ONE THOUSAND DOLLARS ($1,000.00) for personal injuries.

"Thereupon, the Court directed the jury to return a verdict against the Plaintiffs, Edith Chitwood, Shirley Chitwood Davis, and Robert Chitwood, and in favor of the Defendants, George W. Myers and Helen M. Palmer, because said jury had found that the said Defendants, George W. Myers and Helen M. Palmer, were guilty of no negligence which caused or contributed to the accident made the basis of these consolidated causes, and the jury, acting upon such instructions, reported that they found the issues joined in favor of Defendants, George W. Myers and Helen M. Palmer, and against the Plaintiffs, Edith Chitwood, Shirley Chitwood Davis, and Robert Chitwood."

The same judgment recites that verdicts were directed against B. B. Chitwood in favor of Earl J. Palmer, Donnajeanne Palmer, Mary Elizabeth Myers and Beth Ann Myers, and that damages were assessed by the jury.

No appeal was perfected from the judgment dismissing the suit of B. B. Chitwood and awarding judgment against him and in favor of George W. Myers, Helen M. Palmer, Earl J. Palmer, Donnajeanne Palmer, Mary Elizabeth Myers and Beth Ann Myers. The only suits before this Court on appeal are those of Edith, Shirley and Robert Chitwood against George Myers and Helen M. Palmer, which suits were dismissed by directed verdicts.

It is reasonably clear from the foregoing that a multiplicity of suits (10 in all) resulted from an automobile collision all of which suits were consolidated for trial by agreement. It is also evident that the trial judge selected

a "pivotal", or "test" case for submission to the jury prior to the submission of the remainder of the cases. The case so selected was the suit of the operator of one vehicle against the operator and owner of the other vehicle, together with the cross actions filed by the two defendants against the original plaintiff. Thus, the "pivotal" case was effectively three of the ten cases then on trial.

The finding of fact in regard to negligence and the general verdicts of the jury were unfavorable to the driver, B. B. Chitwood, and favorable to the driver, George W. Myers, and the owner, Helen M. Palmer, in the suit of Chitwood and the countersuits of Myers and Palmer.

The brief and argument of plaintiffs in error relies upon Article 1, Sec. 6 of the Constitution of Tennessee which guarantees the right of trial by jury. Plaintiffs-in-error concede that consolidated actions may be separated and a pivotal case sent to the jury first for simplification of the consideration of the issues; and that where the issues involved in the remaining suits have been considered and decided by the jury in rendering its verdict in the pivotal case, there is no denial of right to jury trial. Smith v. Parker, 213 Tenn. 147, 373 S.W.2d 205 (1963). Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 216 S.W.2d 307 (1948).

Plaintiffs-in-error insist that the present cases are distinguishable from Smith v. Parker, supra, in that the suits of plaintiffs-in-error are based upon injuries to 7 guests and the issues in such cases are not the same as the issues in the cases involving only owners and operators. It is also insisted that there was not sufficient iden-

tity or privity of parties to render the pivotal decision determinative of the cases of plaintiffs-in-error.

In the case of Smith v. Parker, supra, five suits resulted from a collision of two trucks, however, all parties to the suits were either owner, driver, or personal representative of driver. No passengers were involved, nor was any question made as to the drivers being on the business of the respective owners. In approving the designation of a "pivotal" case for consideration before the other cases, the Supreme Court said:

"* * * This Court a long time ago in Anderson v. Masson, 62 Tenn. 290, 298, 299, said: 'We have held that an order of consolidation simply has no other effect than to hear the cases thus consolidated at the same time, but that the issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases had been separately.' Thus it is that there is no error in the trial court singling out one particular case to be determined before the others, if in his judgment after hearing all the proof this is the pivotal case. As here of course when these cases were first consolidated the trial judge didn't know what was going to develop in the proof afterwards. The jury in this particular case was given a correct general charge and returned a general verdict in the form of this special verdict for the aid of the court in these other cases. This verdict on its face embraced a finding of all facts which were required to render a judgment in behalf of the defendants. The Court of Appeals agrees on this feature of the case.

"This verdict complies with the rule as laid down in Harbison v. Briggs Bros. Paint Mfg. Co., 209 Tenn.

534, 354 S.W.2d 464, wherein this Court held that a special verdict in lieu of a general verdict must find all the ultimate facts in issue in order to form a basis of a judgment to be rendered. This was done herein.''

In the case of Harbison v. Briggs Bros. Paint Mfg. Co., supra, (1962), plaintiff sued for personal injuries resulting from the explosion of a substance alleged to have been negligently packaged and sold by the defendant. The trial judge submitted one special issue of fact to the jury; namely,

'' 'Did or did not the plaintiff, on July 9, 1958, receive a can with the words, ''Bug killer'' on it marked Exhibit 2 to the plaintiff's direct examination, containing a liquid product mixed by the defendant Company, its agents or servants, and delivered by its agents and servants.' '' 209 Tenn. at p. 538, 354 S.W.2d at p. 466.

The trial judge instructed the jury that a negative answer to the foregoing question would conclude the controversy in favor of the defendant, but that a positive answer would require further instruction and deliberation by the jury. Upon a negative verdict to the special issue, the trial judge entered judgment for the defendant. The Supreme Court reversed, holding:

'' 'It is the *indisputable right* of every litigant, upon seasonable and appropriate request, to have *every material issue of fact* on which he has introduced material testimony submitted to the consideration of the jury, with proper legal directions in respect of the verdict to be returned, *upon the hypothesis that such testimony shall be found to be true''* (italics ours).

Memphis Street Ry. Co. v. Newman, 108 Tenn. 666, 669, 69 S.W. 269.

\* \* \* \* \* \*

" We think that this is a sound and accurate statement; that by the common law of this State, a jury, under proper instructions from the judge, has a right to decide all the issues of fact, to render a general verdict on the whole case for one side or the other, and to decline to render a special verdict.

" It should be noted there is a difference between a special verdict and special findings in response to interrogatories, or issues submitted to the jury. A special verdict is in lieu of a general verdict, and must find all the ultimate facts in issue, in order to form the basis of the judgment to be rendered. But special issues or interrogatories are put to the jury to elicit their answers *to accompany their general verdict* for the purpose of ascertaining the basis of that verdict and testing its consistency with such answers, (citing authorities)

. \* \* \* \* \* \*

" 'There is \* \* \* a manifest difference between a special verdict and the finding of the facts in answer to interrogatories propounded to the jury. A special verdict is in lieu of a general verdict, and its design is to exhibit all the ultimate facts, and leave the legal conclusions entirely to the court \* \* \* Findings of fact in answer to interrogatories *do not dispense with the general verdict* \* \* \* A special verdict covers all the issues in the case, while an answer to a special interrogation may respond to but a single inquiry, pertaining merely to one issue, essential to the general verdict.'

Morbey v. Chicago N. W. Ry., 116 Iowa 84, 89, 89 N.W. 105, 107 (citing authorities) (italics ours)." 209 Tenn. at pp. 544, 545, 546, 354 S.W.2d at p. 469.

In view of the strong dissent published with the majority opinion in Harbison v. Briggs Bros., it is not deemed appropriate to extend its holding beyond the particular situation dealt with therein.

Cantrell v. Burnett & Henderson Co., 187 Tenn. 552, 21 S.W.2d 307 (1948), was a suit against an automobile dealer and the manufacturer for an alleged defect in a vehicle purchased by plaintiff from the dealer. At the conclusion of all the evidence, the trial judge directed a verdict in favor of the manufacturer because of lack of evidence of contractual privity. The case was then submitted to the jury with the instruction:

" 'If you find that the plaintiff purchased the automobile involved in the lawsuit from the defendant Burnett and Henderson Company, and if you further find that said automobile at the time of such purchase by the plaintiff was not of merchantable quality but was in some way defective, and that the fire which destroyed said automobile was the result of such defect, then you shall return a verdict in favor of the plaintiff against the defendant Burnett & Henderson Company.' " 187 Tenn. at p. 555, 216 S.W.2d at p. 308.

Upon this instruction, the jury returned a verdict for the defendant dealer. The Supreme Court refused to consider a complaint as to the directed verdict for the manufacturer on the ground that the jury verdict conclusively established that at the time the vehicle was purchased from the dealer, it did *not* have a defect which produced plaintiff's damages; and, this being true, the

manufacturer could not possibly be liable under any theory of liability, and no prejudice resulted from the directed verdict.

"(4) But the petition to rehear insists that, notwithstanding principle or precedent, this conclusion deprives Cantrell of his constitutional right to a jury trial upon the issue of fact in question. Cantrell has been given the opportunity to present to a jury all the material legal evidence that he cared to offer upon the determinative issue of fact in this lawsuit. The jury has decided that issue against him. He has not, therefore, been deprived of a right of a trial by jury. The general rule is stated succinctly in 31 American Jurisprudence, 561, in this language: 'The right to jury trial is preserved when each party has one fair opportunity to present to a jury the evidence on which he claims to raise an issue of fact.' Our case of Woods v. State, 130 Tenn. 100, 106, 169 S.W. 558, L.R.A.1915F, 531 in much more detail declares the same rule which is applicable here.

"In denying the petition for *certiorari* it was our conclusion for the reasons above stated that in any subsequent suit between Cantrell and the Hudson Sales Corporation based upon the theory that their manufacture of an allegedly defective car was the cause of the fire that destroyed that car, Cantrell at the outset would be confronted with the fact that the issue had already been determined judicially against him and was binding upon him; wherefore Hudson Sales Corporation could not, as a matter of law, be liable. It was for this reason that we held it to be unnecessary to decide Cantrell's insistence that the trial court erred in directing a verdict for the Hudson Sales Corporation

without regard to whether there was privity of contract between it and Cantrell. * * *'' 187 Tenn. at pp. 559, 560, 216 S.W.2d at p. 310.

The present case partakes more of the characteristics of Smith v. Parker and Cantrell v. Burnett, than of Harbison v. Briggs. In Harbison v. Briggs the whole case with all its issues was never submitted to the jury. Only a special issue of fact was submitted and decided. In Smith v. Parker and Cantrell v. Burnett, as in the present case, one whole case, with all of its issues was submitted to and decided by the jury.

In the instant case, the general verdicts of the jury in favor of George W. Myers and Helen M. Palmer and against B. B. Chitwood necessarily contained a finding of the ultimate fact that the driver B. B. Chitwood *was* negligent and that the driver George W. Myers and the owner Helen M. Palmer were *not* negligent. The report of the jury that they found B. B. Chitwood guilty of negligence and George W. Myers and Helen M. Palmer innocent of negligence was interesting and instructive, but not necessary, because such findings of fact were inherent in and indispensible to their general verdicts. The verdicts in favor of Myers and Palmer could not have been lawfully rendered except upon the conclusion of fact announced.

■ Thus, the directed verdicts against the plaintiffs in error were predicated not so much upon findings of fact, as such, but upon general verdicts of the jury based upon a necessary ultimate fact. As in Smith v. Parker and Cantrell v. Burnett, supra, the plaintiffs in error, who had participated in the trial *by consent* were bound, or estopped by the verdicts of the jury, or the first verdicts of the jury were res judicata, because the issues

determined by said verdicts were litigated in the same trial by the plaintiffs in error.

Even if the trial judge had permitted the jury to consider all of the cases simultaneously, any verdicts in favor of plaintiffs in error against Myers and Palmer would have been inconsistent with the verdicts which were actually rendered in favor of Myers and Palmer as set out above. Such inconsistency could not have been accepted by the trial judge.

In Milliken v. Smith, 218 Tenn. 665, 405 S.W.2d 475 (1966) there were multiple suits arising out of a "rear end" collision. The jury returned a verdict for damages in favor of the driver of the leading vehicle and against the driver of the following vehicle. At the same time the jury awarded damages in favor of passengers in the following vehicle and against the driver of the leading vehicle. The Supreme Court held such verdicts to be inconsistent and reversed. In the present cases, even if the trial judge had not directed verdicts and the jury had returned verdicts in favor of plaintiffs in error, such verdicts could not have been accepted by the trial judge for the same reason of inconsistency.

Even if this Court should now sustain the assignment of error and remand for a new trial, the plaintiffs in error would be faced in the new trial by the bar of estoppel or res judicata as pointed out in Cantrell v. Burnett, supra.

■ The general rule applicable to the present cases is that where a number of cases are consolidated for trial because they arise out of the same transaction, it is permissible for the trial judge to submit one of such cases to the jury for its consideration and verdict before submitting the remaining cases to the jury.

■ It is also the general rule, applicable to these cases, that the verdict thus rendered in such "pilot" case is binding upon all parties to all the other cases tried simultaneously with such case. The binding effect of such verdict includes all conclusions of fact necessary to the verdict so rendered.

There are, of course, special circumstances which would enter into and affect the conclusiveness of such preliminary verdict. Where, for example, there were allegations and proof of wanton, wilful or gross negligence on the part of the defendant, a verdict in favor of the plaintiff would not necessarily be a conclusive exoneration of the plaintiff from contributory negligence. In such a state of affairs, the verdict could rest upon the rule that ordinary contributory negligence does not relieve the defendant of liability for gross negligence. Hood v. Waldrum, 58 Tenn.App. 512, 434 S.W.2d 94 (1968). In such a state of affairs the successful plaintiff might be held liable to others (such as passengers) who were not guilty of negligence.

No such special circumstances are shown to exist by the technical record in the present cases and the general rule is controlling herein.

■ Plaintiffs in error urge that other issues were involved in their lawsuit which were not involved in the "pivotal" cases, hence the pivotal verdict cannot control their cases. It is not necessary that every issue be identical, it is sufficient if one or more *determinative* issues were settled. In Smith v. Parker, supra, there could have been other issues in the remaining cases, but such issues were held to be immaterial after it was determined that one driver was negligent and the other was not. In Can-

trell v. Burnett, supra, there could have been other issues in respect to the manufacturer's negligence, or privity of contract, but such issues were rendered immaterial by the verdict concluding that the damages were not caused by the defect complained of.

In the present cases, the adjudged innocence of defendants Myers and Palmer is conclusive against the rights of plaintiffs in error to recover from Myers and Palmer, and this is so regardless of the issues peculiar to the suits of plaintiffs in error, such as their guilt or innocence of contributory negligence.

Plaintiffs in error insist that:

"In order for the verdict in the pivotal suit to bind the separated cases there must be identity or privity of the parties."

The authorities cited do not support this insistence in the present case.

Clements v. Pearson, 209 Tenn. 223, 352 S.W.2d 236 (1961) was a suit against sureties on a real estate agent's bond. It was held that the reversal of the agent's conviction of fraudulent breach of trust was not the law of the subsequent civil case involving the liability of his sureties. In Clements v. Pearson neither party participated in the previous criminal case of State v. Duncan, whereas in the present cases, the pivotal cases were consolidated and tried by consent with the cases of plaintiffs in error.

Polk v. Davidson County, 39 Tenn.App. 68, 281 S.W.2d 257 (1958) was a reverse condemnation suit wherein the question was whether or not a street railway right of way had reverted to adjoining land owners by abandonment.

It held that an adjudication of the same question in a suit involving adjacent property was not binding upon other property owners. Mr. Polk did not participate in the former case which related to other property than his. In the present case, there was full participation by plaintiffs in error in the trial which determined the pivotal case and the pivotal cases arose out of the identical collision upon which plaintiffs in error base their cases.

In State v. Delinquent Taxpayers, 26 Tenn.App. 62, 167 S.W.2d 690 (1942) there was an effort to collect attorneys fees for filing suits on delinquent city taxes. Other attorneys had caused the suits to be dismissed and the Supreme Court had held that the dismissal of the tax suits had become final and could not be disturbed. Subsequently, the original attorneys were granted a judgment against the city for their services in initiating the tax suits. This Court held:

"* * * This contention may not be sustained for two reasons. In the first place, the parties to that proceeding were different, the town not being a party to the relief sought by the petition. In the second place the matter*es* now to be determined were not open for adjudication in that proceeding because, as held by the Supreme Court, the order of dismissal in the first suit had become final by reason of the lapse of thirty days and any attempted adjudication as to the validity of the appointment of attorneys to bring that suit would necessarily be coram non judice and void. To constitute res *ad*judicata the adjudication relied upon as an estoppel must have been between the same parties. It is likewise elementary that the former adjudication must have been made by a tribunal clothed with authority to adjudicate. At least, the principles upon which

the doctrine is founded presupposes a legal exercise of judicial authority.'' 26 Tenn.App. at p. 69, 167 S.W.2d at p. 693.

In the present cases, the issue resolved in the pivotal cases; i. e.. that Myers and Palmer were innocent of negligence, was determinative of all consolidated suits based upon negligence of Myers and Palmer. The suits of plaintiffs in error were based solely upon alleged negligence of Myers and Palmer, and were therefore conclusively determined by the first verdicts.

In their argument, plaintiffs in error refer to the failure of the trial court to allow nonsuits. The application for and refusal of nonsuits does not appear in the technical record, hence this argument cannot be considered.

The assignment of error is respectfully overruled. The judgment of the trial court is affirmed. The costs of these appeals are taxed against the respective plaintiffs in error.

Affirmed.

Shriver, P. J. (M.S.), and Puryear, J., concur.