**IN THE COURT OF APPEALS OF TENNESSEE**
**WESTERN SECTION**

FILED

March 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **PARNELL WEBB,** | ) | |
| | ) | |
| Plaintiff/Appellant | ) | Lauderdale Circuit No. 4689 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NED AND MARY ELLEN POYNTER,** | ) | Appeal No. 02A01-9707-CV-00168 |
| **d/b/a RIVER ROAD DODGE, INC.,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CIRCUIT COURT OF LAUDERDALE COUNTY
AT RIPLEY, TENNESSEE

THE HONORABLE JOSEPH H. WALKER III, JUDGE

For the Plaintiff/Appellant:          For the Defendants/Appellees:

Rebecca S. Mills                 Herman L. Reviere
Ripley, Tennessee               Ripley, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

# OPINION

This is a breach of contract case. The plaintiff employee asserts a breach of contract by the defendant employer in the withholding of a portion of the employee's salary for a deferred compensation plan. The case was appealed from General Sessions Court to Circuit Court. The Circuit Court awarded a judgment to the plaintiff employee in the amount of $10,000 as well as prejudgment interest of $1,666. Both parties appealed, and the plaintiff sought to recover more than was set forth in the General Sessions civil warrant. We affirm.

Plaintiff/Appellant Parnell Webb ("Webb") worked for Defendants/Appellees Ned and Mary Ellen Poynter d/b/a River Road Dodge, Inc. ("Poynter") for almost twenty-nine years. In 1988, Webb gave some informational materials to Mary Ellen Poynter that explained a deferred compensation plan. Webb requested that Ms. Poynter withhold his commissions and a part of his salary to contribute to the plan for his retirement. Over the following seven years, Poynter withheld a total of $56,622.37 from Webb's paycheck. Upon Webb's termination in 1994, Poynter attempted to give Webb a check for $26,966.14, representing the money withheld in the deferred compensation plan minus federal taxes, social security and other deductions. Webb refused this check. Poynter issued another check to Webb for this amount, which was also refused. After Poynter gave Webb a third check for this amount, Webb cashed it because of financial need, but noted that the amount was in dispute.

Thereafter, Webb filed two causes of action in General Sessions Court, seeking $10,000 in damages in each case. The first was an action for his last month's salary and the second was an action for breach of contract arising out of the deferred compensation plan. In the second action, Webb asserted breach of contract based on Poynter's failure to invest his funds in a tax deferred account, contrary to the agreement between Webb and Poynter. Webb contended that Poynter's payment to him of his entire withholding in a lump sum in 1994 created serious tax consequences, including a $15,854.00 federal tax obligation and a $10,308.20 obligation to the Social Security Administration. In addition, the lump sum payment pushed Webb into a higher tax bracket. Webb contended that the trial court should establish a resulting trust in his favor, but failed to explain what property would constitute the trust res since Poynter did not retain any of Webb's funds. The General Sessions Court dismissed both causes of action.

Webb appealed the decision of the General Sessions Court to the Circuit Court and consolidated the two actions. Webb did not amend the General Sessions complaint to increase the amount of damages claimed.

After a bench trial, the Circuit Court found for Poynter on the salary cause of action after determining that the salary had been paid. On the breach of contract claim, the Circuit Court found in favor of Webb, finding that the employer owed a duty to Webb to invest the withheld funds in a tax deferred account. The trial court recognized that Tennessee Code Annotated § 16-15-729 allows parties to freely amend pleadings in cases appealed from General Sessions Court. Additionally, the trial court cited *Ware v. Meharry Medical College*, 898 S.W.2d 181, 186 (Tenn. 1995), as allowing amendments to the damages sought without regard to the jurisdictional limits of General Sessions Court. However, the trial court limited Webb's damages to $10,000 because Webb failed to amend the ad damnum to his complaint after the appeal to Circuit Court. Both parties now appeal the judgment of the Circuit Court on the breach of contract claim arising out of the deferred compensation plan.

The parties raise the following issues on appeal: (1) Whether the evidence supports the trial court's finding that there was a contract between the parties requiring Poynter to set up a deferred compensation plan, and (2) Whether Webb was limited to the amount of damages requested in his complaint because he failed to amend his pleadings on appeal from General Sessions Court to Circuit Court.

The standard we apply in reviewing the trial court's factual finding that a contract existed is *de novo*, with a presumption of correctness of the factual findings, unless the preponderance of evidence is otherwise. *See* Tenn. R. App. P. 13(d). The applicable standard of review for the question of law involved in the damages issue is *de novo* with no presumption of correctness for the trial court's findings. *See Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

The first issue on appeal is whether the evidence preponderates against the trial court's finding that there was a contract between the parties for the purpose of setting up a deferred compensation plan. Poynter argues that there was no mutual assent and that Poynter did not receive adequate consideration. The trial court found for Webb on this issue, concluding that Poynter owed

Webb a duty to invest the funds in the company's existing retirement plans or, in the alternative, to develop a separate plan for Webb.

In this case, mutual assent was evidenced by Poynter's actions in withholding over $55,000 of Webb's compensation over the seven-year period. The parties clearly agreed to this course of action and Mary Ellen Poynter testified that she knew that Webb's purpose was to defer money for retirement. The record also included evidence that Poynter received adequate consideration for withholding the monies. Mary Ellen Poynter testified that the business retained the money and had the use of it for the period in question. Webb also presented expert testimony to this effect. Under all of these circumstances, the record includes sufficient evidence to support the trial court's finding of mutual assent and adequate consideration. Therefore, the trial court's decision, finding that a contract existed between the parties, is affirmed.

Webb also seeks to have the Court establish a resulting trust in his favor. However, Webb's recovery for breach of contract precludes this relief. In *Eslick v. Friedman*, 235 S.W.2d 808, 810 (Tenn. 1951), the plaintiff sought enforcement of an oral contract in which the parties agreed that the decedent would will the plaintiff property in return for services plaintiff rendered. He also sought to have a resulting trust established. *Id.* at 810-11. The court found that the plaintiff was not entitled to a resulting trust "[s]ince complainant has an adequate remedy in a court of law to recover a fair and reasonable sum as compensation for services rendered." *Id.* at 814. Likewise, Webb's recovery at law under breach of contract precludes him from recovering under a resulting trust theory. The decision of the trial court is affirmed on this issue.

Webb next asserts that the Circuit Court erred in limiting his recovery to the $10,000 amount sued for in General Sessions Court. Because Webb failed to amend the original warrant filed in General Sessions Court, the Circuit Court limited Webb's recovery to the original amount for which he sued.

Appeals to Circuit Court from General Sessions Court are *de novo*. *See* Tenn. Code Ann. § 16-15-729 (Supp. 1998). In addition, the Circuit Court is to allow just and proper amendments to the original warrant. *See id.* The Tennessee Supreme Court has held that the parties should be allowed to amend their pleadings "without regard to the general sessions court's monetary limits." *Ware v. Meharry Med. College*, 898 S.W.2d 181, 186 (Tenn. 1995); *Starr Printing Co., Inc. v. Hooks*, No. 02A01-9408CV-00192, 1995 WL 270933, at *1 (Tenn. App. May 4, 1995). However,

Rule 15.02 of the Tennessee Rules of Civil Procedure disallows post-verdict amendments to increase a party's damages. *See* Tenn. R. Civ. P. 15.02; *see also **Benson v. Tennessee Valley Elec. Coop.**,* 868 S.W.2d 630, 644 (Tenn. App. 1993).

First, Webb asserts that Tennessee Code Annotated § 16-15-729 should be construed so as to permit liberal amendment and prohibit dismissal for any informalities. The Tennessee Supreme Court has stated that, under § 16-15-729, the parties should be allowed to amend "to the fullest extent permitted by the Tenn. R. Civ. P. 15 without regard to the general sessions court's monetary limits." *Ware*, 898 S.W.2d at 186. Nevertheless, Rule 15.02 of the Tennessee Rules of Civil Procedure, as discussed above, does not permit amendment of the amount sued for after a verdict has already been entered. *See* Tenn. R. Civ. P. 15.02. Section 16-15-729 must be construed in conjunction with Rule 15.02 of the Tennessee Rules of Civil Procedure, in a way that does not nullify the specific prohibition in Rule 15.02.

Webb next argues that his failure to amend the original General Sessions warrant should not limit his damages because Poynter had notice of the large damages sought through interrogatories and documents and evidence presented at trial without objection. Webb further asserts that, by failing to file a responsive pleading, Poynter waived any objection to the increased damages under Rule 12.08 of the Tennessee Rules of Civil Procedure.[1] Webb appears to rely on the portion of Rule 15.02 of the Tennessee Rules of Civil Procedure that provides that issues not raised by the pleadings but "tried by express or implied consent of the parties . . . shall be treated in all respects as if they had been raised in the pleadings." This portion of Rule 15.02 provides that "[i]n effect . . . the parties may, by express consent, *or by the introduction of evidence without objection*, amend the pleadings at will." 3 MOORE, FEDERAL PRACTICE, § 15.13(2), at 168-170 (2d ed. 1978) (emphasis added). However, Poynter's failure to object to evidence of damages above $10,000 does not allow Webb to avoid the specific prohibition in Rule 15.02: "Provided, however, amendment after verdict so as to increase the amount sued for in the action shall not be permitted." Tenn. R. Civ. P. 15.02.

Finally, Webb argues that the consolidation of the two causes of action results in his having a limit of $20,000 rather than $10,000. However, " 'an order of consolidation simply has no other

---

[1] The relevant portion of Rule 12.08 reads: "Waiver of Defenses. A party waives all defenses and objections which the party does not present either by motion as hereinbefore provided, or, if the party has made no motion, in the party's answer or reply, or any amendments thereto. . . ." Tenn. R. Civ. P. 12.08.

effect than to hear the cases thus consolidated at the same time, but that the issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases had been heard separately.' " *Chitwood v. Myers*, 443 S.W.2d 827, 830-31 (Tenn. App. 1969) (quoting *Smith v. Parker*, 373 S.W.2d 205, 210 (Tenn. 1963)). The trial court decided Webb's first cause of action for his September salary in favor of Poynter. The $10,000 in damages sought in that case does not apply to Webb's second claim, for breach of contract. Thus, the decision of the trial court, limiting Webb's damages to those sought in his complaint, is affirmed.

In sum, we affirm the trial court's finding that Poynter breached the contract that existed between Webb and Poynter obligating Poynter to set up a deferred compensation plan. Webb's recovery for breach of contract provides him with an adequate remedy at law and precludes recovery under a resulting trust theory. Webb's damages are limited under Rule 15.02 of the Tennessee Rules of Civil Procedure to the $10,000 amount sued for because he did not amend the complaint before entry of the verdict.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue if necessary.

_____
_____HOLLY KIRBY LILLARD, J.


**CONCUR:**

_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**