IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 2, 2008 Session

## PAUL L. MCMILLIN v. CRACKER BARREL OLD COUNTRY STORE, INC.

### Direct Appeal from the Circuit Court for Knox County
Nos. 1-465-06; 2-61-05    Hon. Dale C. Workman and Harold Wimberly, Circuit Judges

### No. E2008-00342-COA-R3-CV - FILED MARCH 23, 2009

Plaintiff brought an action against defendant in 2005 and another action, similar in nature, against the same defendant in 2006. The actions were assigned to two separate Judges and the 2005 action was first dismissed by one Judge and subsequently the 2006 action was dismissed by the other Circuit Judge. The plaintiff has appealed the 2006 action. We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Paul L. McMillin, *pro se*.

John Thomas Feeney, Nashville, Tennessee, for appellee, Cracker Barrel Old Country Store, Inc.

### OPINION

### Background

This appeal involves the dismissal of a two actions assigned to two different divisions of the Circuit Court for Knox County. Plaintiff appeared *pro se* at the trial level as well as on appeal.

Plaintiff and four others filed one of the actions against Cracker Barrel Old Country Store, Inc. (Cracker Barrel) on February 2, 2005 (the 2005 suit). Plaintiffs alleged that Cracker Barrel engaged in various unsanitary practices and inappropriate actions toward employees and that this caused physical, emotional and economic harm to plaintiffs. On motion of plaintiff Michael McMillin, Judge Harold Wimberly entered an order of voluntary dismissal of his claims on January 12, 2006. Plaintiff Johneta McMillin, the wife of appellant Paul McMillin, likewise filed a notice of voluntarily non-suit on February 8, 2006. The Trial Court, however never signed and entered an order of voluntary dismissal as required under Tenn. R. Civ. P. 41.01 (3).[1]

On September 10, 2006 Paul McMillin filed another action against Cracker Barrel which was assigned to Judge Dale Workman in Division I of the Court.

The 2005 suit was apparently set for trial on March 8, 2007, but Cracker Barrel filed a motion to dismiss for failure to state a claim upon which relief could be granted on January 11, 2007.

On February 26, 2007 Cracker Barrel filed a motion to dismiss the 2006 suit for lack of jurisdiction based on the doctrine of primary jurisdiction. Judge Wimberly entered an order to consolidate the 2005 and 2006 suits on March 6, 2007. The Court found it appropriate that the suits be consolidated and ordered that case number 1-465-06 be consolidated with case 2-61-05.

The Trial Court entered an Order on July 27, 2007, dismissing the suit, stating "[u]pon motion of the Defendant, and for good cause shown, this matter is dismissed." The order was approved by Cracker Barrel's counsel but not by plaintiff. The order of dismissal bears the docket number 2-62-05 but does not reference the fact that the 2005 suit that was the subject of defendant's motion to dismiss had been consolidated with the 2006 suit and that, by Court order the consolidated suit's docket number was No. 2-62-05.

On August 24, 2007 plaintiff filed a Rule 60 motion for relief from judgment under docket No. 2-61-05. The stated basis for relief was that "[p]laintiff has discovered that documents being sent to the Knox County Court Clerk by the Defendant have not been noticed to Plaintiff as required by Tennessee Rules of Civil Procedure". Cracker Barrel filed its opposition to the Rule 60 motion, stating that plaintiff had failed to set forth any arguments sufficient to support the relief sought, and that all material filed by defendant in this matter were properly mailed to plaintiff

[1] Tenn. R. Civ. P. 41.01 (3) provides: A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.

throughout the litigation.

The next activity in the McMillin cases was an order of dismissal of the 2006 case (No. 1-465-06) by Judge Dale C. Workman which was filed on February 4, 2008. The language of the order provides:

> The above mentioned case was consolidated with 2-61-05 on March 6, 2007 into Division II. An Order of Dismissal was entered in [case no.] 2-61-05 on July 27, 2007 but no order was entered in the above mentioned case in Division I., 2007. [sic]
>
> It is therefore, ORDERED, that this case is dismissed and court costs are taxed to the plaintiff, Paul L. McMillin, . . .

On February 11, 2008 plaintiff filed a Motion to Reconsider the Order of Dismissal. On February 20, 2008 Judge Workman denied plaintiff's motion for reconsideration. This appeal ensued.

The next activity in the 2005 suit was a motion and order of voluntary dismissal of Johneta McMillin from the 2005 suit signed and entered by Judge Wimberly on February 11, 2008.

The next activity in the 2005 suit was that plaintiff Paul McMillin filed a motion on May 28, 2008 asking the Trial Court to hold another hearing on his Rule 60 motion. Judge Wimberly denied that motion and Judgment was entered on August 27, 2008.

The issues on appeal are:

A.      Whether this appeal is untimely and should be dismissed.

B.      Did the Trial Court violate plaintiff's right to due process when it ordered the two cases to be consolidated without notice to plaintiff?

C.      Did the Trial Court abuse its discretion when it dismissed a case that had already been consolidated with another case in another section of the Court?

The issues before this Court are issues of law, and the Trial Court's conclusions are reviewed under a purely *de novo* standard with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005).

Cracker Barrel contends that the appeal is untimely. Judge Wimberly, the Judge in Division II of the Circuit Court, consolidated the 2005 suit pending in Section II with the 2006 suit pending in Division I on March 6, 2007. Cracker Barrel had filed a motion to dismiss the 2005 suit for failure to state a claim on January 11, 2007, prior to the order of consolidation. Cracker Barrel did not supplement its motion to dismiss to include the claims in the 2006 suit nor did it mention the

2006 suit in its later filed Motion for Entry of Order of Dismissal filed on July 25, 2007. In fact, in that motion Cracker Barrel relied on the Trial Court's statements made at oral argument on the motion to dismiss on February 21, 2007, which pre-dated the order of consolidation. The order of dismissal signed by Judge Wimberly on July 27, 2007 makes no reference to the 2006 suit. The record does not indicate that the Trial Court or Cracker Barrel contemplated that the July 2007 order of dismissal would encompass the claims contained in the 2006 suit, but Cracker Barrel claims that the July 27, 2007 order also dismissed the 2006 suit. Therefore, the Notice of Appeal filed on February 14, 2008 is untimely.

We do not agree. Even if the July 27, 2007 judgment of dismissal included the claims of the 2006 suit, the judgment would not have been final until the claims made by Johneta McMillin in the 2005 suit were also dismissed. Although Ms. McMillin had filed a notice of voluntarily dismissal on February 8, 2006 the Trial Court had not entered an order dismissing her claims as required by Tenn. R. Civ. P. 41.01 (3), thus her claims in the 2005 suit were still pending at the time of the July 27, 2007 Judgment.

Absent the Trial Court's declaration that the July 27, 2007 Judgment was final as to the claims of Mr. McMillin, under Tenn. R. Civ. P. 54.02, a notice of appeal in the 2005 suit was not required until after Ms. McMillin's Motion for Voluntary Dismissal was signed and entered by Judge Wimberly on February 11, 2008. Plaintiff did file a Notice of Appeal within the time frame of Judge Workman's order of February 4, 2008 in the 2006 suit but not an appeal of the July 27, 2007 Judgment rendered by Judge Wimberly. Cracker Barrel contends that the July 27, 2007 Judgment of Dismissal applied to Mr. McMillin's claims in the 2005 suit and all of the claims in the 2006 suit. The language of the Order of Dismissal and its reference to "defendant's motion" makes it clear that the Trial Court was only addressing the Motion to Dismiss the 2005 suit in his Order and only that Motion had been argued on February 21, 2007. On the same day as the entry of this Order, Judge Wimberly ordered the two suits consolidated. The Cracker Barrel's Motion for Entry of Order Granting Dismissal clearly references only the motion to dismiss the 2005 suit and makes no reference to it's motion to dismiss the 2006 suit. The language of the Order is: "[u]pon motion of Defendant, and for good cause shown, this matter is dismissed" which indicates that only one "motion" was considered.

While Cracker Barrel argues that when Judge Wimberly ordered the 2005 and 2006 suits to be consolidated, the two cases actually became one. This is not the case. Consolidation of separate actions under Tenn. R. Civ. P. 42.01 does not create one action or make those who are parties in one suit parties in the other. Consolidation simply allows a single trial of common issues and permits joint discovery for purposes of judicial economy. *City of Johnsonville v. Handley,* No. M2003-00549-COA-R3-CV, 2005 WL 1981810 at * 9(Tenn. Ct. App. Aug. 16, 2005)*Webb v. Poynter*, No. 02A01-9707-CV-00168, 1999 WL 145257 at * 4 (Tenn. Ct. App. Mar. 18, 1999)(citing *Chitwood v. Myers,* 60 Tenn. App. 1, 443 S.W.2d 827, 830-31 (Tenn. App. 1969)(quoting *Smith v. Parker,* 213 Tenn. 147, 373 S.W.2d 205, 210 (Tenn.1963))); Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 6-12(b) (1999); Tenn. R. Civ. P. 42.01. Because the 2005 and 2006 suits remained separate and distinct suits the order dismissing Mr. McMillin's remaining claims in

the 2005 suit did not serve as an order of dismissal of the 2006 suit as Cracker Barrel contends.

While plaintiff contends he received no notice that Judge Wimberly was considering consolidation of the cases, the record contains a certificate of service signed by Cracker Barrel's counsel. Proof of due mailing creates a rebuttable presumption of receipt. Tenn. R. Civ. P. 5.02 and 5.03. *Card v. Tennessee Civil Service Com'n,* 981 S.W.2d 665 (Tenn. Ct. App.1998). However, this issue could not be considered as it was not raised at the trial level in connection with the 2006 suit on appeal. *Simpson v. Frontier Cmty. Credit Union,* 810 S.W.2d 147, 151 (Tenn.1991).

Finally, plaintiff contends that Judge Workman lacked jurisdiction over the 2006 suit at the time he entered an order dismissing the suit on February 8, 2008. Plaintiff's argument fails because the 2006 suit was never transferred by court order from Division I of the Circuit Court to Division II. The 2006 suit essentially remained in Judge Workman's Court. *See, Van Zandt v. Dance* 827 S.W.2d 785 (Tenn. App. 1991). In the case before us, Judge Workman never transferred the 2006 suit to the other Division for consolidation.

In sum, plaintiff did not raise the issue of whether Judge Workman, by entering the Order dismissing the 2006 case without providing notice, violated plaintiff's right to procedural due process. Nor did plaintiff raise the issue of whether Judge Workman's *sua sponte* dismissal on the merits was correct. Issues not presented in an appellant's brief will not be considered on appeal. *Davis v. Department of Emp. Sec.*, 23 S.W.3d 304, 315 (Tenn. Ct. App.1999). We therefore conclude that plaintiff's appeal is without merit and affirm the Judgment of the Trial Court with the costs of the appeal assessed to the plaintiff/appellant, Paul L. McMillin.

_____
HERSCHEL PICKENS FRANKS, P.J.