IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 7, 2019 Session

## NORTHGATE LIMITED LIABILITY COMPANY, ET AL. v. RANDALL AMACHER, ET AL.

Appeal from the Circuit Court for Coffee County
No. 43053, 42207   L. Craig Johnson, Judge

_____

### No. M2018-01407-COA-R3-CV

_____

This appeal involves multiple claims asserted against multiple parties. From our review of the record, the orders appealed do not resolve all of the claims asserted in the complaint. As a result, the judgment of the trial court is not final, and this Court lacks jurisdiction to consider the appeal. The appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA D. MCGEE, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Floyd Don Davis, Winchester, Tennessee, for the appellants, Randall Amacher and Christy Amacher, individually and d/b/a Merle Norman.

Carson W. King and Karl M. Braun, Nashville, Tennessee, for the appellees, Matthew B. Eads, David Crabtree, and Brookside Properties, Inc.

Clifton N. Miller, Tullahoma, Tennessee, for the appellee, Joe Lester.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I.    FACTS & PROCEDURAL HISTORY

This litigation involves a commercial lease.  In 2015, a suit for breach of the lease was filed in circuit court by the lessor, Northgate Limited Liability Company, against the lessees, Randall and Christy Amacher, individually and d/b/a Merle Norman.  In 2016, a separate suit was filed in circuit court by the Amachers, individually and d/b/a Merle Norman, against other defendants – Matthew Eads, David Crabtree, Brookside Properties, Inc., and Joe Lester.  The complaint filed in the second suit requested a judgment in the amount of $900,000 against these defendants "for breach of contract, inducement of breach of contract, and misrepresentation."  The trial court entered an order providing that the two cases would be consolidated and heard jointly pursuant to Tennessee Rule of Civil Procedure 42.01 pending further orders of the court because they involved common questions of law or fact.[2]

In the second lawsuit, defendants Eads, Crabtree, Brookside Properties, and Lester all moved for summary judgment.  The trial court entered an opinion and order granting summary judgment to defendants Eads, Crabtree, and Brookside Properties, finding no genuine issue of material fact as to the claims for "inducement of breach of contract or fraud."  However, the trial court failed to mention or resolve the Amachers' breach of contract claim against these defendants.  The trial court's opinion and order also granted the summary judgment motion filed by Lester, finding no genuine issue of material fact as to whether he interfered with the contract.  However, the trial court failed to resolve the breach of contract claim against Lester or the fraud claim asserted against him. Nevertheless, the trial court's order stated that it was final and appealable as it pertained to the second lawsuit filed by the Amachers.  The Amachers filed a notice of appeal,

---

[2] As this Court explained in *Rainbow Ridge Resort, LLC v. Branch Banking & Tr. Co.*, 525 S.W.3d 252, 258 (Tenn. Ct. App. 2016):

> "[C]onsolidation of separate actions under Tenn. R. Civ. P. 42.01 does not create one action.... Consolidation simply allows a single trial of common issues and permits joint discovery for purposes of judicial economy." *McMillin v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00342-COA-R3-CV, 2009 WL 749214, at *3 (Tenn. Ct. App., filed Mar. 23, 2009) [] (citing *City of Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810 at *9 (Tenn. Ct. App., filed Aug. 16, 2005)); *see also In re Bridgestone/Firestone*, 495 S.W.3d 257, 267 (Tenn. Ct. App. 2015), *appeal denied* (Nov. 24, 2015).  An order of consolidation has no other effect.  *Chitwood v. Myers*, 60 Tenn. App. 1, 443 S.W.2d 827, 830-31 (1969).  "When cases have been consolidated, the issues remain precisely on the pleadings as they were before, and between the same parties, and are to be determined exactly as if the cases had been heard separately." *Webb v. Poynter*, No. 02A01-9707-CV-00168, 1999 WL 145257, at *4 (Tenn. Ct. App., filed Mar. 18, 1999) (quoting *Chitwood*, 443 S.W.2d at 830–31) (internal quotation marks omitted).

*Id.* (footnote omitted).  As such, an appeal of an order in one consolidated case "does not constitute an appeal" of the separate but consolidated case. *Id.*

listing only the docket number for the second lawsuit. The first lawsuit, for breach of the lease agreement, remained pending before the trial court.

## II.   ISSUES PRESENTED

The Amachers present the following issues, as we perceive them, for review on appeal:

1.      Whether the trial court erred in granting summary judgment to the defendants in that there are genuine issues of material fact regarding the claim of inducement of breach of contract and the trial court failed to construe the evidence in the light most favorable to the non-moving party; and

2.      Whether the trial court failed to make sufficient findings of fact to address all the claims and issues in its order.

For the following reasons, this appeal is dismissed without prejudice because the trial court has not yet entered a final judgment.

## III.   DISCUSSION

This Court's review generally extends only to the issues presented for review, but we must also consider "whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). "Lack of appellate jurisdiction cannot be waived." *Ingram v. Wasson*, 379 S.W.3d 227, 237 (Tenn. Ct. App. 2011) (citing *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996)). As required by Rule 13(b), we have reviewed the appellate record and come to the conclusion that this Court lacks subject matter jurisdiction over this appeal.

We must begin by considering the "avenue" by which the appeal has been pursued before this Court. *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69-70 (Tenn. Ct. App. 1998). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Tennessee Rule of Appellate Procedure 3(a) states, in relevant part:

> Except as otherwise permitted in [R]ule 9 and in Rule 54.02 [of the]
> Tennessee Rules of Civil Procedure, if multiple parties or multiple claims
> for relief are involved in an action, any order that adjudicates fewer than all
> the claims or the rights and liabilities of fewer than all the parties is not
> enforceable or appealable and is subject to revision at any time before entry
> of a final judgment adjudicating all the claims, rights, and liabilities of all
> parties.

The procedures set forth in Rule 9 and Rule 54.02 were not utilized in this case. Instead, the Amachers have pursued an appeal as of right as if the trial court entered a final judgment. "A final judgment is one that resolves all the issues in the case, leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quotation omitted).

After the notice of appeal was filed, this Court entered an order on May 28, 2019, explaining that the trial court's order failed to adjudicate the claims for breach of contract and misrepresentation against defendant Lester or the claim for breach of contract against defendants Eads, Crabtree, and Brookside Properties. Accordingly, we explained that the trial court has not entered a final judgment as to all claims, and there is no final, appealable judgment in this case. The appellants were directed to either obtain entry of a final order or show cause why this appeal should not be dismissed.

The appellants and the appellees filed separate responses to our order. Both sides referred this Court to the trial court's original orders and insisted that a final, appealable judgment exists. We disagree. The complaint filed by the Amachers on May 24, 2016, named Eads, Crabtree, Brookside Properties, and Lester as defendants and requested a judgment against these defendants for $900,000 "for breach of contract, inducement of breach of contract, and misrepresentation." The trial court's orders resolved the claim for inducement of breach of contract. However, as we explained in our previous order, the trial court's orders failed to mention, let alone resolve, the Amachers' claim for breach of contract against defendants Eads, Crabtree, Brookside Properties, and Lester. The court also failed to resolve the claim for misrepresentation against Lester. Because of these unresolved claims, the orders entered in the second suit (*Amacher v. Eads, et al*, No. 43,053) are not final or appealable.[3]

## IV. CONCLUSION

The parties have not submitted a supplemental record with a final judgment or shown cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. In light of the foregoing, this appeal is hereby dismissed. Costs of

---

[3] We note that defendants Eads, Crabtree, and Brookside Properties jointly filed a motion for summary judgment, and therein, they specifically asked the trial court to dismiss the claims for breach of contract and/or fraudulent misrepresentation. They suggested that it was unclear whether these claims were "still part of this case" but asked the court to dismiss them "[o]ut of an abundance of caution." From our review of the record, as explained above, the trial court did not do so. However, even if we were to construe the order of dismissal as an implicit dismissal of the claims for breach of contract and fraudulent misrepresentation, the order would fail to comply with Tennessee Rule of Civil Procedure 56.04 and *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014), requiring that we vacate and remand to the trial court for express findings.

this appeal are assessed to the appellants, Randall and Christy Amacher, for which execution may issue if necessary. Nothing in this order prevents the appellants from filing another appeal in this matter after obtaining a final judgment.

_____
CARMA D. MCGEE, JUDGE