CHUMBLEY *v.* STATE.

*(Nashville,* December Term, 1945.)

Opinion filed January 5, 1946.

JOHN A. CHUMBLEY, of Manchester, for plaintiff in error (plaintiff below).

ERNEST F. SMITH, Assistant Attorney-General for the State.

Mr. Justice Gailor delivered the opinion of the Court.

The declaration in this case was filed by John A. Chumbley on June 30, 1945, in the Circuit Court of Coffee County, against the State of Tennessee and certain of its officers. The declaration is in two counts: By the first, plaintiff insists that he is entitled to possession of 17 acres of land now in the possession of the State of Tennessee, and, therefore, seeks the dispossession of the state and an award of the fair rental value of the property for the time said tract has been held by the state; and by the second count, that he be awarded in the alternative, $2,500 as damages for the unlawful detention of said land by the state. The state met this declaration with a demurrer, one of the grounds of which was that there was no sufficient or adequate description of the property claimed by the plaintiff set out in his declaration. By amendment the plaintiff sought to make a description more specific. To the declaration as amended, the state again demurred. The grounds of the state's demurrer which are necessary for us to consider are:

1. That since the state has and exercises the right of eminent domain it cannot be dispossessed by the plaintiff from the land claimed and that plaintiff's only right of action is in damages.

2. That since the state has been in possession of the land claimed for more than one year, that any claim of plaintiff for damages is barred by the one year statute of limitations. Code, section 3132.

3. That the description of the land claimed in the original and amended declaration is so indefinite that the same cannot be located. That, therefore, the declaration as amended, does not state a cause of action.

The taking of this identical tract of land by the state has been previously in this Court on two other occasions. It is agreed by both parties that the record of these other causes may be looked to in determining the rights of the parties here. On August 24, 1941, in an unreported case styled *State of Tennessee* v. *John A. Chumbley,* Coffee Law, the state, being already in possession, undertook to condemn this tract of land, known as the ''Brick Yard Property,'' as a part of Camp Forrest. It was described in the deed by which plaintiff secured his title, as containing 25 acres, and this description was copied in. the condemnation proceedings brought by the state. After it was held by this Court in an unreported opinion filed February 14, 1942, that the state rightfully exercised its power of eminent domain in taking possession of this tract, a jury of view awarded the plaintiff $7,000 for damages for the taking of the tract. The state appealed the award of the jury of view on the question of damages. During the trial in the circuit court, plaintiff, according to his admission in argument here, made a statement in open court that the tract in question contained more than 25 acres and in fact, contained 42 acres, but he took no steps and made no attempt to have his rights adjudicated in that cause on that account, as he might have done under the authority of *Hombra* v. *Smith,* 159 Tenn. 308, 17 S. W. (2d) 921. The jury awarded him damages in the sum of $4,500. The plaintiff permitted this judgment to become final as to him, but the state appealed to the court of appeals and that court affirmed the judgment. We denied *certiorari.* Cf. *State* v. *Chumbley,* 27 Tenn. App. 377, 181 S. W. (2d )382.

Further, it cannot be disputed that from his statement in open court plaintiff was aware that the state had taken the entire tract of land even if the condemnation proceed-

ing covered only a tract of 25 acres, therefore, the plaintiff might have protected himself under the provisions of Code, section 3131, which provides for the compensation of the property owner whose land has been taken without formal condemnation proceedings.

██ We think the demurrer of the state was properly sustained by the learned trial judge on three grounds: (1) That the claim is clearly barred by the statute of limitations of one year, as set out in Code section 3132. (2) That even after the amendment, the declaration is fatally defective in that no sufficient or adequate description of the 17 acre tract claimed is contained therein. (3) That being a suit against the State of Tennessee, it is barred by Article I, section 17 of the Constitution, since it is not brought in such manner as the Legislature has directed. Code, section 8634; *Insurance Company* v. *Craig,* 106 Tenn. 621, 62 S. W. 155; *Quinton* v. *Board of Claims,* 165 Tenn. 201, 54 S. W. (2d) 953; *Phillips* v. *Marion County,* 166 Tenn. 83, 59 S. W. (2d) ·507.

For the reasons stated the judgment is affirmed at plaintiff's cost.