R. L. POLK et ux. v. DAVIDSON COUNTY.—281 S. W. (2d) 257.

Middle Section at Nashville.  January 18, 1955.

Petition for Certiorari denied by Supreme Court, August 2, 1955.

R. H. Polk, of Nashville, for plaintiffs in error.

Elmer Davies, Jr., of Nashville, and O. L. Peeler, of Camden, for defendant in error.

FELTS, J. This suit was brought by R. L. Polk and wife against Davidson County to recover for land which they allege was taken, but not paid for, by the County in a former condemnation suit. This land was a 30-foot strip, part of an abandoned right-of-way of a street railway line, lying between the front of their lot and the Nolensville Pike, which strip was taken by the County for use by the State in widening the pike.

The County filed pleas denying that plaintiffs were the owners of this strip of land, alleging that the former judgment in the condemnation suit was res judicata and an estoppel upon the rights of plaintiffs to bring this suit, and pleading the one-year statute of limitations, Code Sec. 3132, as a bar to this suit.

At the close of all the evidence the Trial Judge directed a verdict, for the County and entered a judgment dismissing the suit. Plaintiffs appealed in error and have assigned a number of errors, under which counsel have debated the questions made by the above-mentioned pleas.

In 1904 plaintiff's predecessor in title, then owning a large tract of land abutting on the east side of the Nolensville Pike, conveyed to the Nashville Railway and Light Company an easement or right-of-way for a street railway line in this 30-foot strip alongside the Nolensville

Pike, with a provision that if the company ceased to operate the line, the easement would revert to the grantor, his heirs, or his assigns. The company did abandon the line in 1942.

Meanwhile, in 1905 the owner of this large tract of land platted it into a subdivision of lots, describing them by metes and bounds and as being bounded by the Nolensville Pike in some instances and by the railway right-of-way in others. By mesne conveyances with like descriptions these lots passed to the present owners; and one of them, fronting 60.9 feet on the right-of-way and the pike, was acquired by the plaintiffs, and is the particular lot here involved.

The ownership of this 30-foot strip was recently determined in another case involving a lot adjacent to this one. It was there held that the owners of the lots abutting on this strip owned the fee in the strip; and that since the railway right-of-way had been abandoned, they owned this strip freed of the right-of-way easement, and were therefore entitled to compensation when it was taken for widening the pike. McKinney v. Davidson County, 194 Tenn. 689, 254 S. W. (2d) 975, noted in 6 Vand. L. Rev. 1089.

While that case is not binding as *res judicata* in this case, the parties not being the same, it is a controlling precedent on the principle of *stare decisis*. There the material facts were the same, the properties were adjoining lots, the title papers the same, and the considerations that led to the decision there compel a like conclusion here, that plaintiffs were the owners of this 30-foot strip when it was taken in the condemnation proceedings.

That condemnation suit was brought by the County against R. L. Polk and wife, the plaintiffs here, on

January 4, 1951. That case regularly proceeded to a judgment setting apart the land taken, and awarding Polk and wife $456.25 for the land taken and incidental damages in the sum of $2,300 or a total of $2,756.25. They acquiesced in that judgment, and the sum of $2,756.25 was paid to and accepted by them.

But it appears that this sum was not intended or understood to be compensation for all the land set apart, which included his 30-foot strip and an additional 6-foot strip across the front of the Polk lot. It was then the idea of the County that this 30-foot strip was not owned by the abutting lot owners but had been dedicated to public use; and the sum paid Polk and wife was meant to be compensation for the 6-foot strip and the incidental damages.

Thus the claim to compensation for this 30-foot strip was not made in the former condemnation suit, as it was in the McKinney case. Whether the Polks were bound to make this claim in the former suit, or could wait and bring another separate suit for compensation for the 30-foot strip taken in the former suit, is a serious question. See Central Realty Co. v. City of Chattanooga, 169 Tenn. 525, 531, 89 S. W. (2d) 346; Chumbley v. State, 183 Tenn. 467, 469, 192 S. W. (2d) 1007; Jordan v. Johns, 168 Tenn. 525, 534-538, 79 S. W. (2d) 798.

Assuming, but not deciding, that they could bring another separate suit for the value of this 30-foot strip taken in the former suit, as in the case of land taken without condemnation, Code, Sec. 3131, we think this suit was barred by Code Section 3132, which requires that such a suit shall be commenced "within twelve months after the land has been actually taken possession of, and the work of the proposed internal improvement begun."

This suit was commenced April 2, 1953, the declaration stated the taking was "on or about the 11th day of June

1951'', and the evidence showed without dispute that the taking was in 1951; that is, the right-of-way, embracing both the 30-foot strip and the 6-foot strip, was staked off, taken possession of, and the work of clearing it of obstructions was begun during the summer of 1951. Therefore, the suit was barred. Doty v. American Telephone and Telegraph Co., 123 Tenn. 329, 347, 130 S. W. 1053; Central Realty Co. v. City of Chattanooga, supra; Chumbley v. State, supra.

Some other questions are made by plaintiffs' assignments of error. We think they do not require further discussion. We have fully considered all of them and found them without merit. All of the assignments are overruled, the judgment of the Circuit Court is affirmed, and the costs of the appeal in error are adjudged against plaintiffs in error, R. L. Polk and wife.

Howell and Hickerson, JJ., concur.