James Lester USREY, a minor, by his father and next friend, T. H. Usrey, Plaintiff-Appellant,

v.

J. W. LEWIS, Phyllis Lewis and Barbara Usrey, Defendants-Appellees.

T. H. USREY and wife Mary Usrey, Plaintiffs-Appellants,

v.

James W. LEWIS, Phyllis Lewis and Barbara Usrey, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

Jan. 31, 1977.

Certiorari Denied by Supreme Court July 5, 1977.

E. A. Langford, Langford, Mitchell & Langford, Cookeville, for plaintiffs-appellants.

John L. Camp, Camp & Camp, Sparta, for defendants-appellees.

## OPINION

TODD, Judge.

In these consolidated cases, James Lester Usrey, a minor by next friend, and T. H. Usrey and wife, Mary Usrey, sued J. W. Lewis and others for personal injuries sustained in an automobile collision. Their suits were dismissed by the Trial Judge upon a "Motion to Dismiss on Plea of Res Adjudicata," and plaintiffs have appealed.

Upon a former appeal to the Supreme Court from a similar ruling, the Supreme Court in its opinion stated:

"With the record in this state, there is no way this Court can pass upon the sufficiency of the plea of res adjudicata. In the first place, the plea of res adjudicata should have been in writing. And, as a plea in bar, when issue is joined thereon, it should have been proved by the introduction of the record in the case relied on as a bar thereto.

"The proper disposition of this case will be to remand it, in order that a proper written plea of res adjudicata may be filed, that issue may be joined thereon, and that proof in the form of the records and judgments in the cases pleaded as res adjudicata may be filed for consideration by the trial court and, if necessary, for consideration by the proper appellate court. This remand should be without prejudice to any of the parties."

Upon remand to the Trial Court, the defendant filed the "Motion to Dismiss on Plea of Res Adjudicata," and plaintiffs moved to "strike, quash and dismiss" said "Motion to Dismiss, etc." on the grounds that,

"same is not good in either law or fact, and same does not conform to the rules of

pleading and is not verified as required by law."

Plaintiffs also filed an untitled pleading in which they joined issue upon said "Motion to Dismiss . . . etc,"

". . . in each instance where the said 'plea' and the conclusions therein are not in accordance to the record and the facts."

The Trial Judge then entered an order wherein:

1. Plaintiffs' motion to strike, quash and dismiss was "dismissed" (overruled).

2. Defendants' motion to dismiss plaintiffs' causes of action was held to be "well taken" (sustained),

3. Plaintiffs' suits were dismissed.

From said order, plaintiffs perfected their appeals to the Supreme Court, which Court has remanded the appeals to this Court for disposition.

■ The manner and terminology of the pleadings heretofore mentioned presents some difficulty of analysis; however, this Court will endeavor to give effect to the substance, rather than form and terminology with due regard to the new Tennessee Rules of Civil Procedure as supplemented where necessary by previous and unsupplanted and recognized rules of civil pleading and procedure.

Rule 8.03, T.R.C.P., reads in pertinent part as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, waiver, and any other matters constituting an avoidance or affirmative defense." (Emphasis supplied)

■ It appears, therefore, that res judicata is an *affirmative defense* which must be *plead* specially. It would therefore ap-

pear that the proper method to present the defense of res judicata is by a *pleading* (answer), and not by a motion. If, from affidavits or other evidence, the facts supporting the defense are made to appear uncontroverted, then a motion for summary judgment would be in order.

■ The defendants' "Motion to Dismiss on Plea of Res Adjudicata" will therefore be considered to be an answer presenting the affirmative defense of res judicata and a motion for summary judgment for defendant.

Rule 12.06 T.R.C.P. states:

*"12.06. Motion to Strike*

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any *insufficient defense* or any redundant, immaterial, impertinent or scandalous matter." (Emphasis supplied)

■ The plaintiffs' motion to strike the defendants' defense "because same is not good in law . . .," therefore properly raised the issue of the legal sufficiency of said defense.

The substance of the quoted portion of plaintiffs' motion is a demurrer to the plea or "setting down the plea for argument." See Gibson's Suits in Chancery, Fifth Edition, Vol. 1, § 359, pp. 414, 415; *Witt v. Ellis*, 42 Tenn. 38 (1865); *Klepper v. Powell*, 53 Tenn. 503 (1871).

■ It therefore behooves this Court to respond to the motion of plaintiffs by examining the sufficiency of the "Motion to Dismiss, etc." (answer, plea, or defense) of the defendant.

Said pleading alleges that a collision occurred on December 24, 1969, between vehicles operated by Barbara Usrey and Phyllis Lewis, that each of the occupants of the vehicles was injured or killed, that suits were brought to recover damages for or on

behalf of each person involved, that all of said suits were tried on July 1, 1971, except the two suits now pending on appeal, which were deferred by "severance"; and that the defendant in the present cases claims that the disposition of the cases which were tried is conclusive or res judicata as to the present cases which have not been tried.

Exhibited to defendants' "Motion" are copies of the pleadings and orders in the following cases:

1. *James Lewis v. Barbara Usrey.*
2. *Phyllis Lewis v. Barbara Usrey.*
3. *Jess Hale v. Barbara Usrey.*
4. *Ruby Hale v. Barbara Usrey.*
5. *Jacqueline Michelle Lynch v. Barbara Usrey, J. W. Lewis and Phyllis Lewis.*
6. *Stephanie Dawn Lynch v. Barbara Usrey, J. W. Lewis and Phyllis Lewis.*

In the first four cases, verdicts were rendered and judgments entered in favor of plaintiffs and against Barbara Usrey on July 15, 1971.

In the last two cases, verdicts were rendered and judgments entered in favor of the plaintiffs and against Barbara Usrey, and the defendant Phyllis Lewis was dismissed on July 27, 1971.

It is alleged in said defensive pleading that the present cases arise out of the injury of James Lester Usrey and the death of Helen Marie Usrey, both of whom were passengers in the vehicle operated by Barbara Usrey.

It is also alleged in said defensive pleading that Jacqueline Michelle Lynch (No. 5) and Stephanie Dawn Lynch (No. 6) were also passengers in the vehicle operated by Barbara Usrey.

Said motion of the defendant also states:
"They (the jury) found that Phyllis Lewis was not guilty of negligence and rendered judgment for her and her husband against Barbara Usrey and did not render a judgment against her in favor of any plaintiff who had sued her."

The legal issue therefore becomes reasonably clear. That is, where several passengers are injured in a two-car collision, and the suits of some, but not all, of the passengers are tried with results unfavorable to one driver and favorable to the other, are the rights of the other passengers whose suits have not been tried concluded by the judgments in the cases which were tried? Also, where the driver of one vehicle obtains judgment against the driver of the other vehicle, does this conclude the rights of the passengers in the latter vehicle as against the driver of the former vehicle?

■ According to the allegations in the defensive pleading, the subject matter in the cases heretofore decided was the same as that in the present cases, to the extent of the issue of fault for the collision; but identity of this issue does not render the cases sufficiently identical to justify the application of res judicata. Identity of parties is required. *Clements v. Pearson*, 209 Tenn. 223, 352 S.W.2d 236 (1962); *Melton v. Pace*, 103 Tenn. 484, 53 S.W. 939 (1899). *Merchants & Mfrs. Transfer Co. v. Johnson*, 55 Tenn.App. 537, 403 S.W.2d 106 (1966); *Polk v. Davidson County*, 39 Tenn.App. 68, 281 S.W.2d 257 (1955); *State v. Delinquent Taxpayers*, 26 Tenn.App. 62, 167 S.W.2d 690 (1942).

There is no allegation or indication of any identity or privity between the present plaintiffs and the parties whose cases have already been decided.

Appellee cites no authorities contrary to the above, but relies upon the fact that plaintiffs sought and obtained a "severance" whereby they abstained from participation in the consolidated trial of other cases arising out of the same collision. In 50 C.J.S. Judgments § 774, pp. 302, 303 is found the following text:

"Where one of several plaintiffs or defendants in an action is put out of the case by a dismissal or discontinuance as to him, the judgment thereafter rendered is not conclusive on such party and it does not constitute a merger of the cause of action for or against him. The same rule applies where there is a severance and separate trials are had as to the different parties, where the action abates as to one, or where one is permitted to withdraw

from the case; but it does not apply where a party merely abandons or neglects to present his case or defense."

■ No authority has been cited or found to support defendant's insistence that a request for severance subjects the requester to the results of trial of other cases. Such would defeat one of the purposes of severance, that is, the freedom to try a case separately unhindered by other cases.

It should be noted that the "severance" was not a true severance, but rather a continuance of cases and release of same from an order or agreement for simultaneous "consolidated" trial. It is not alleged that the present plaintiffs were ever parties to any of the cases previously decided.

■ Finally, defendant insists that a remand for trial of the present cases may result in verdicts inconsistent with the verdicts previously rendered. This is true, but no known legal principle prohibits a plaintiff from seeking his remedy because another plaintiff has been unsuccessful before a previous jury upon the same or similar evidence.

In *Chitwood v. Myers*, 60 Tenn.App. 1, 443 S.W.2d 827 (1969), cited by defendant, all of the cases were tried to the same jury, and two were submitted to the jury first, but the same jury decided all cases. This Court did comment upon the duty of a trial judge to reject inconsistent verdicts, but the reference was to verdicts of the *same* jury resulting from the *same* trial.

■ Appellee relies upon the presumption of correctness of judgment where no bill of exceptions is preserved. Such presumption relates only to findings of fact and not to conclusions of law. Regardless of the evidence, if any, it was error to sustain a defensive pleading which was in law insufficient and to dismiss on the basis of such pleading.

■ The defensive pleading was insufficient in law and did not authorize dismissal of plaintiffs' suits.

For the reasons stated, the orders of the Trial Judge dismissing these cases upon the special plea of res judicata is reversed and the causes are remanded to the Trial Court for further proceedings leading to a trial upon the merits.

Costs of this appeal are adjudged against the defendant-appellee.

Reversed and Remanded.

SHRIVER, P. J., and DROWOTA, J., concur.