IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## BETTY J. NASH v. G. L. WAYNICK

**Appeal from the Circuit Court for DeKalb County**
**No. 7313     John J. Maddux, Jr., Judge**

---

**No. M2000-02096-COA-R3-CV - Filed April 12, 2001**

---

This appeal involves a dispute over the sale of a single family home in DeKalb County. The purchaser filed suit in the Circuit Court for DeKalb County alleging that the seller had violated the Tennessee Consumer Protection Act and the Tennessee Residential Property Disclosures Act. More than two years after the first two summonses were returned unserved, the purchaser caused a third summons to be issued that was served on the seller. The trial court entered a $27,000 default judgment against the seller on June 21, 2000, after concluding that the seller had been properly served and had presented no defenses to the purchaser's claims. On this appeal, the seller, who has been representing himself throughout these proceedings, asserts that he did not violate either the Tennessee Consumer Protection Act or the Tennessee Residential Property Disclosure Act and that the trial court erred by not considering his statute of limitations defense. We have determined that the purchaser's suit is time-barred for failure to comply with Tenn. R. Civ. P. 3. Therefore, we reverse the judgment and remand the case with directions that the purchaser's complaint be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

G. L. Waynick, Mt. Juliet, Tennessee, Pro Se.

J. Hilton Conger, Smithville, Tennessee, for the appellee, Betty J. Nash.

### OPINION

In late September 1996, Betty J. Nash began negotiating with G. L. Waynick about the sale of his home in DeKalb County. During the process, Mr. Waynick completed and signed a form required by the Tennessee Residential Property Disclosure Act [Tenn. Code Ann. §§ 66-5-201 to -210 (Supp. 2000)] that was intended to provide detailed information concerning improvements to

the property and the condition of these improvements. He did not fill out the portions of the form requesting information about the water supply and waste disposal for the property.[1] Where the form required Mr. Waynick to indicate whether "[t]o the best of [his] knowledge" the garage, water heater, water supply, or waste disposal systems were not in operating condition, he marked both "no" and "yes" but placed his initials by "yes." He did not, however, identify the nature of the problem even though the form prompted him to do so. Mr. Waynick signed the form and certified that to the best of his knowledge everything contained in the form reflected true and accurate information. Ms. Nash signed the form two days later, and on October 25, 1996, Mr. Waynick sold Ms. Nash the property for $20,000.

After taking possession of the property, Ms. Nash discovered that the house had no sewer or septic system. On May 9, 1997, she filed suit against Mr. Waynick in the Circuit Court for DeKalb County, alleging that he had violated the Tennessee Consumer Protection Act and the Tennessee Residential Property Disclosure Act by knowingly failing to disclose that the property had no sewer or septic system. The record contains an unfiled copy of a civil summons addressed to "G. L. Waynick 506 Woodland Ct. Mt. Juliet, TN 37122," which was presumably filed along with the complaint. However, there is no indication that any attempt was made to serve this summons.

On August 21, 1997, Ms. Nash issued alias summons to Mr. Waynick at the Woodland Court address. On August 26, 1997, process was returned unserved and marked "Not Found in Wilson Co." On September 23, 1997, Ms. Nash again issued process[2] addressed to Mr. Waynick, but this time the summons listed Mr. Waynick's address "% Cedar Creek Boat Dock Lebanon, TN 37087." This summons was returned unserved on October 30, 1997, bearing the notation "Not To Be Found in Wilson Co." More than two years passed. On November 2, 1999, Ms. Nash issued another summons to Mr. Waynick, and he was personally served the same day.[3]

Rather than retaining a lawyer, Mr. Waynick undertook to represent himself in this case. On November 18, 1999, he filed a letter with the trial court stating:

> Answer:
>
> According to Circuit Court Clerk Dekald [sic] County – Statue [sic]
> has run on this case since over one year has passed.

---

[1] The form contained a section for the seller to check the method of water supply from either (1) City, (2) Well, (3) Private Utility, or (4) Other. Likewise, the form contained a place for the seller to indicate whether waste disposal was by (1) City Sewer, (2) Septic Tank, or (3) Other. Mr. Waynick left each box blank.

[2] This summons, although in the record, was never file stamped by the clerk's office.

[3] Curiously, the alias pluries only gives Mr. Waynick's name and does not provide any location or address for Mr. Waynick to be served.

> Please see rules of civil procedure (Rule 3 Commencement of Action
> of Tennessee)
> Attached

Almost seven months after Mr. Waynick filed his "Answer," Ms. Nash moved for a default judgment, alleging that Mr. Waynick had not responded to the complaint after being served with process. At a July 10, 2000 trial conducted without Mr. Waynick, the trial court concluded that Mr. Waynick had confessed judgment by failing to answer Ms. Nash's complaint. After considering Ms. Nash's evidence of damages, the trial court found that her actual damages were $9,000 and that these damages should be trebled. Accordingly, on July 21, 2000, the trial court entered a final judgment against Mr. Waynick for $27,000 plus $2,000 in attorney's fees. On August 4, 2000, Mr. Waynick filed a notice of appeal asserting that the trial court's decisions lacked evidentiary support and that Ms. Nash's complaint was time-barred.

After the trial court clerk filed a record consisting of the papers that had been filed in the trial court, Ms. Nash requested this court to dismiss Mr. Waynick's appeal because of his failure to comply with Tenn. R. App. P. 24. We declined to dismiss the appeal because we concluded that the issue relating to the timeliness of Ms. Nash's complaint could be decided based on the technical record alone.

## I.

The pivotal issue in this case is whether Mr. Waynick's "Answer" filed with the trial court on November 18, 1999, effectively raised an affirmative defense based on Tenn. R. Civ. P. 3. With admirable candor, counsel for Ms. Nash concedes in his brief that if this document effectively raised a Tenn. R. Civ. P. 3 defense, then Ms. Nash's complaint is not timely and should be dismissed based on this court's decision in *Gregory v. McCulley*, 912 S.W.2d 175 (Tenn. Ct. App. 1995). In the finest tradition of the profession, counsel has provided the court with a succinct and correct statement of the law and, unlike far too many lawyers these days, has avoided the temptation of resorting to hair-splitting and obfuscation to further their client's interests.

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

## II.

Mr. Waynick's "Answer" does not conform to the format lawyers and judges are accustomed to. However, it satisfies the essential requirements of Tenn. R. Civ. P. 7.01, 8.03, 10, and 12.01. The paper was filed with the trial court clerk within thirty days after Mr. Waynick was finally served with Ms. Nash's complaint. It contains a caption of the case that (1) identifies the trial court where the matter is pending, (2) contains the names of the parties, and (3) provides the trial court's case number. Most importantly, the paper contains a simple, concise, and plain statute of limitations defense that is in the spirit, if not the letter, of Tenn. R. Civ. P. 8.05, and it bears the indication that a copy was sent to the lawyer representing Ms. Nash.

The trial court appears to have been concerned that "Mr. Waynick's" answer lacked the certificate of service. While Mr. Waynick did not include a formal certificate of service in his "Answer," he included the name and mailing address of Ms. Nash's lawyer at the top of the page. In the absence of any claim to the contrary, we conclude that Mr. Waynick must have mailed a copy of his "Answer" to Ms. Nash's lawyer on or about the same time he filed it with the trial court clerk. Ms. Nash's lawyer has never denied that he received this document or that even the most cursory examination of the case file would have uncovered it. Thus, even in absence of a customary certificate of service, we conclude, based on the substance of the "Answer," that Mr. Waynick mailed a copy of the "Answer" to the lawyer representing Ms. Nash and, therefore, that Mr. Waynick effectively complied with the notice requirements in the Tennessee Rules of Civil Procedure.

We conclude that Mr. Waynick timely and effectively asserted a defense based on Tenn. R. Civ. P. 3. Based on the record, there is no question that Ms. Nash did not commence her action in a timely manner because she failed to issue new process within one year after the issuance of the September 1997 process. *Gregory v. McCulley*, 912 S.W.2d at 178.

### III.

We reverse the judgment and remand the case to the trial court for the entry of an order dismissing the complaint. We tax the costs of this appeal to Betty J. Nash for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE