IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2022

## JABARI ISSA MANDELA A/K/A JOHN WOODEN v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Circuit Court for Lake County**
**No. 18-CV-613       R. Lee Moore, Jr., Judge**

_____

**No. W2021-01219-COA-R3-CV**

_____

Appellant appeals the assessment of costs against him following the dismissal of his petition for a writ of certiorari. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

John Wooden, Wartburg, Tennessee, Pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; Andrew M. Mize, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the second appeal in this case. In the first appeal, this Court affirmed the dismissal of a petition for a writ of certiorari filed by Petitioner/Appellant Jabari Issa Mandela a/k/a John Wooden ("Appellant") in Lake County Circuit Court ("the trial court"). *See Mandela v. Tennessee Dep't of Correction*, No. W2019-01171-COA-R3-CV, 2021 WL 144233 (Tenn. Ct. App. Jan. 15, 2021), *perm. app. denied* (Tenn. July 12, 2021) (hereinafter, "*Mandela I*"). In our Opinion, we held that Appellant did not properly address the question of whether he exhausted his administrative remedies prior to filing his petition, resulting in waiver of any argument to that effect. *Id.* at \*1, 7–8 ("Because Petitioner has failed to comply with Tennessee Rule of Appellate Procedure 27 by not presenting an argument concerning whether he had exhausted his administrative remedies prior to filing his petition for writ of certiorari, he has waived this issue on appeal."). As a result, the dismissal of Appellant's petition for a writ of certiorari was affirmed. *Id.*

In his first appeal, however, Appellant also raised an issue regarding the fees he was assessed by the Lake County Court Clerk ("the court clerk") relative to his petition. Because there was "no breakdown or itemization explaining the costs ordered by the Trial Court," we were "unable to discern how the Trial Court determined the filing fees[.]" *Id.* at \*8. As such, on remand, the trial court was directed to "revisit its order concerning the filing fees at issue and determine whether the filing fees were in compliance with Tennessee Code Annotated § 8-21-401." *Id.* Further, in making this determination, we mandated that "the Trial Court shall provide in its order reasoning to demonstrate how the total amount of filing fees was calculated." *Id.*

Upon remand, on February 8, 2021, the trial court entered an order directing the court clerk to file an itemization of the costs. The court clerk filed the following itemization of fees:

| Fee | # of Fees | Due Date | Last Paid Date | Fee Amount | Total Assessed | Total Paid | Total Due |
|---|---|---|---|---|---|---|---|
| State Litigation Tax | 1 | | 01/28/2019 | $13.75 | $13.75 | $13.75 | $0.00 |
| State Civil Indigent Fund | 1 | | 01/02/2019 | $10.00 | $10.00 | $10.00 | $0.00 |
| County Litigation Tax | 1 | | 01/28/2019 | $19.25 | $19.25 | $19.25 | $0.00 |
| Jail Building Tax | 1 | | 03/13/2019 | $10.00 | $10.00 | $10.00 | $0.00 |
| Courtroom Security Tax | 1 | | 03/27/2019 | $25.00 | $25.00 | $25.00 | $0.00 |
| Law Library Tax | 1 | | 03/27/2019 | $3.00 | $3.00 | $3.00 | $0.00 |
| Clerk Fee - CV | 1 | | 02/10/2020 | $223.00 | $223.00 | $223.00 | $0.00 |
| Clerk Data Processing - CV | 1 | | 02/10/2020 | $4.00 | $4.00 | $4.00 | $0.00 |
| Service Fee for Non-Collections | 1 | | 06/24/2021 | $560.00 | $560.00 | $407.55 | $152.45 |
| Service Fee Data | 1 | | 04/03/2020 | $28.00 | $28.00 | $28.00 | $0.00 |
| Sheriff's Office Litigation | 1 | | | | $1.50 | $1.50 | $0.00 | $1.50 |
| | | | Totals: | | $897.50 | $743.55 | $153.95 |

On August 19, 2021, the trial court issued its final order. First, the trial court noted the itemized cost bill filed by the court clerk. Second, the court recognized that the costs in this case included both filing fees under Tennessee Code Annotated section 8-21-401 and service of process fees under Tennessee Code Annotated section 8-21-901. Based on the itemization provided by the court clerk and a document detailing the fourteen individuals

that Appellant requested be served with the petition, the trial court stated it "believe[d] that the Cost Bill with a full explanation of the service of process fees complied with the two sections of the Tennessee Code Annotated referred to above."

On August 23, 2021, Appellant filed a motion to alter or amend the trial court's July 21, 2021 order.[2] The trial court denied Appellant's motion by order of August 30, 2021. On September 9, 2021, Appellant filed a second motion to alter or amend; this motion specifically addressed the trial court's final order.[3] In this motion, Appellant raised issues related to the trial court's decision to determine the cost issue without the benefit of a hearing, the lack of proper notice to Appellant of a hearing, and allegations that the trial court was a witness in the case and should therefore recuse.[4] The trial court denied this second motion to alter or amend by order of September 20, 2021. Appellant filed his notice of appeal on October 12, 2021.

## II. ANALYSIS

Appellant raises a single issue in this case concerning the trial court's decision to assess $897.50 in costs against him.[5] As we perceive it, Appellant's argument is two-fold.

---

[2] Although the motion was filed after the final judgment, the certificate of service states that it was mailed on August 17, 2021, before the trial court issued its final order. Thus, we interpret this motion as a motion to alter or amend the trial court's non-final July 21, 2021 order, rather than a motion to alter or amend a final judgment under rule 59.04 of the Tennessee Rules of Appellate Procedure. *See generally* Tenn. R. Civ. P. 5.06 (detailing the prison mailbox rule).

[3] In general, litigants may not file serialized motions to alter or amend; doing so will not toll the time for filing a notice of appeal. *See* Tenn. R. Civ. P. 59.01, advisory comm. comment ("Filing and serving motions in serial fashion will not extend the time for filing a notice of appeal with the trial court clerk."). Because Appellant's first motion to alter or amend was directed toward the trial court's July non-final order, we do not conclude that his second motion to alter or amend runs afoul of this rule. *See* **Hibbens v. Rue**, No. E2014-00829-COA-R3-CV, 2015 WL 3643421, at *6 (Tenn. Ct. App. June 12, 2015) (holding that the appellant did not violate Rule 59.01 when she filed only a single motion following the entry of the written final judgment).

[4] Appellant's motion did not comply with Rule 10B of the Rules of the Tennessee Supreme Court related to recusal motions in that it was not accompanied by an affidavit or declaration under penalty of perjury or an affirmative statement that it was not being presented for improper purposes. *See* Tenn. R. Sup. Ct. 10B § 1.01. We have generally held that the lack of affidavit or declaration "provides a basis to deny the petition without a hearing." **Elseroad v. Cook**, 553 S.W.3d 460, 466–67 (Tenn. Ct. App. 2018). Appellant does not raise the trial court's denial of his request to recuse as an issue in this appeal.

[5] Specifically, the issue presented in Appellant's brief is as follows: "The trial court abused its discretion by imposing a much higher filing fee than what is permitted by Tennessee Code Annotated § 8-21-401(b)(1) and in violation of his co[n]stitutional right to equal protection of the law." Appellant does not, however, allude to either the U.S. or Tennessee Constitutions, or any equal protection principles, in any manner in his argument beyond this brief mention. As such, we do not address any constitutional issues in this appeal. *See, e.g.,* **Sneed v. Bd. of Prof'l Responsibility of Supreme Court**, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

First, he asserts that the trial court erred when it failed to hold a hearing on remand. Second, Appellant argues that the fees charged by the court clerk exceeded the costs allowed under Tennessee Code Annotated section 8-21-401.

As an initial matter, we note that Appellant is proceeding pro se in this appeal, as he did in the trial court. As this Court has previously explained in Mandela I,

> Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d [649,] 652 [ (Tenn. Ct. App. 1988)]. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*Mandela I*, 2021 WL 144233, at * 5 (quoting *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)).

To the extent that Appellant's arguments require that we interpret and apply statutes, our primary purpose is to give effect to the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). The interpretation of statutes involves questions of law which appellate courts review de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). In reaching our interpretation of a statute, we look first to the plain language of the enactments, giving the words their ordinary and plain meaning. *See generally Mills v. Fulmarque*, 360 S.W.3d 362, 368 (Tenn. 2012).

We begin with Appellant's argument concerning the trial court's decision to answer this Court's remand without the benefit of hearing.[6] In support, Appellant cites Rule 43(c) of the Tennessee Rules of Appellate Procedure, which provides that "[w]hen the appellate court remands the case for a new trial or hearing and the mandate is filed in the trial court, the case shall be reinstated therein and the subsequent proceedings conducted after at least 10 days notice to the parties." According to Appellant, the trial court failed to comply with this provision when it directed the court clerk to file an itemized Bill of Costs and failed to put into place timelines by which Appellant could respond.

---

[6] Arguably, this issue was not properly presented to this Court, as the sole issue designated by Appellant involves the amount of the fees imposed compared to those allowable under section 8-21-401(b). Still, in an abundance of caution, we will consider this issue.

To the extent that Appellant takes issue with the trial court's failure to set a hearing, we discern no error in the trial court's action. Rule 43(c) sets a timeline for providing notice of a hearing on remand when the case is remanded "for a new trial or hearing[.]" In this case, the *Mandela I* court did not remand for the purposes of a new trial or hearing, but only for the trial court to "revisit its order concerning the filing fees at issue." *Mandela I*, 2021 WL 144233, at *8. As such, nothing in the *Mandela I* opinion can be interpreted as a directive to hold a new trial or hearing. Moreover, Appellant was not prevented from filing written arguments concerning the issue on remand, as he filed two motions with the trial court raising his legal arguments concerning the assessment of costs and fees. As such, in the absence of any authority to suggest that a hearing was nevertheless required in this particular situation, we cannot assign error to the trial court's decision to determine the issue on remand without the benefit of a hearing.

Appellant next complains that the costs and fees assessed against him in this case well exceed the amount allowed under Tennessee Code Annotated section 8-21-401. The State contends that other statutes authorize the assessment of fees and costs applicable to Appellant's case and that the total fees assessed do not exceed the statutory maximum. We agree.

To begin, Tennessee Code Annotated section 8-21-401(b)(1)(A) authorizes a standard court cost of $225.00. Section 8-21-401(j)(1) provides that $2.00 of this amount will be "earmarked for computer hardware purchases or replacement, but may be used for other usual and necessary computer related expenses at the discretion of the clerk." Section 8-21-401(j)(2) further provides the filing fees will be increased by $2.00 effective July 1, 2012 and that this $2.00 would be earmarked in the same manner as the previously discussed $2.00. So in this case filed well after 2012, section 8-21-401 authorizes $223.00 as a filing fee and $4.00 toward computer related expenses. The bill of costs includes a $223.00 charge labeled "Clerk Fee – CV" and a $4.00 charge labeled "Clerk Data Processing – CV" that appear to coincide with the fees allowed by section 8-21-401.

Appellant appears to contend that this ends our inquiry and that the remaining $670.50 in fees and costs assessed against him are unauthorized. As the State points out, however, we must look to other statutes in order to determine whether the costs assessed to Appellant were authorized.[7] For example, Tennessee Code Annotated section 67-4-602(b) authorizes a $23.75 state litigation tax. According to a Report of the Tennessee Advisory Commission on Intergovernmental Relations, the state litigation tax may be earmarked for, among other things, the civil legal representation of indigents fund. *See* Tenn. Advisory Comm'n on Intergovernmental Rels., *Tennessee's Court Fees and Taxes:*

---

[7] The trial court cited only two statutes—Tennessee Code Annotated sections 8-21-401 and 8-21-901. However, we are permitted the affirm the trial court's decision on different grounds than that relied upon by the trial court. *See McEwen v. Tennessee Dep't of Safety*, 173 S.W.3d 815, 818 (Tenn. Ct. App. 2005) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.").

*Funding the Courts Fairly* at 17 (2017), https://www.tn.gov/assets/entities/tacir/auachments/2017_CourtFees.pdf. Appellant does not specifically raise any argument or submit legal authority concerning the court clerk's ability to divide the maximum amount of fees into separate line items or the way the fees are earmarked. So the $13.75 "State Litigation Tax," coupled with the $10.00 "State Civil Indigent Fund" fee, appears to coincide with the full amount of state litigation tax authorized by section 67-4-602(b).

Tennessee Code Annotated section 67-4-601 also contains a variety of authorizations for other costs that may be assessed in civil cases. First, section 67-4-601(b)(5) provides that the county may level "a privilege tax on litigation in all civil and criminal cases . . . in an amount not to exceed twenty-five dollars ($25.00) per case." The State concedes, however, that this authorization is tempered by Tennessee Code Annotated section 67-1-602, which provides that "[a] county legislative body shall not levy any higher pro rata of taxes on any species of property or privilege than that fixed for the state, but the percentage of such levy, as compared with the state tax, shall be equal and uniform." So the county litigation tax is equal to the state litigation tax: $23.75. *See* Tenn. Code Ann. § 67-4-602(b). Here, the court clerk appears to have divided this fee into three separate costs: (1) a $19.25 "County Litigation Tax"; (2) a $3 "Law Library Tax"; and (3) a $1.50 "Sheriff's Office Litigation" fee. *Cf.* Private Act of 1970, ch. 224 (allowing Lake County to levy a special privilege tax of $1.50 in civil and criminal cases, which tax is earmarked for the exclusive use of the office of sheriff). Thus, these fees appear to total the $23.75 county litigation tax allowed by section 67-4-601(b)(5).

Second, section 67-4-601(b)(1) authorizes a tax of no more than $10.00 "for the purposes of jail or workhouse construction, reconstruction or upgrading, or to retire debt, including principal and interest and related expenses, on such construction, reconstruction or upgrading or for courthouse renovation." The $10.00 fee entitled "Jail Building Tax" is therefore authorized under this subsection. And section 67-4-601(b)(6) authorizes an additional $25.00 "to be used exclusively for court house security[.]" The $25.00 fee entitled "Courtroom Security Tax" is therefore authorized by this subsection.

Finally, Tennessee Code Annotated section 8-21-901 provides that the sheriff or constable is entitled to demand certain fees associated with service of process. Among these fees is $40.00 per person personally served in a non-collection case, Tenn. Code Ann. § 8-21-901(a)(1), and $2.00 for data processing services. Tenn. Code Ann. § 8-21-901(a)(5)(A). Here, the trial court attached a document to its order noting that Appellant asked to have fourteen individuals served with process in this case. Appellant has not raised any argument that the trial court erred in its determination of the number of people required to be served in this case. Thus, the "Service Fee for Non-Collections" of $560.00 (i.e., $40.00 x 14 individuals), along with the $28.00 "Service Fee Data" ($2.00 x 14 individuals) appears to be authorized by section 8-21-901(a).

In sum, each of the fees charged by the court clerk in this case has a corresponding statutory authorization, and Appellant was not assessed any amount exceeding the statutory limits. Appellant appears to assert, however, that the above fees should not have been "merged" with the court costs authorized by section 8-21-401. The only support for this proposition, however, is section 8-21-401. Yet nothing in section 8-21-401 prevents the court clerk from including both costs and fees in the Bill of Costs prepared at the conclusion of the case. Indeed, Appellant concedes that "the statutory provisions list the allowable items for taxation of costs after the conclusion of the suit when judgment is rendered for costs." In support, Appellant cites Tennessee Code Annotated section 41-21-808(a), which provides that "[j]udgment may be rendered for costs at the conclusion of the suit, action, claim or appeal as in other proceedings. If the judgment against the inmate includes the payment of costs, the inmate shall be required to pay the full amount of costs ordered." Appellant contends, however, that the bill of costs was "prematurely prepared and charged to [Appellant] before the conclusion of the case and prior to final judgment being entered."

Respectfully, we disagree. Appellant's action concluded in the trial court in May 2019, when the trial court dismissed his petition for a writ of certiorari. At that time, there was nothing left for the trial court to rule on. The judgment was therefore final and appealable at that time. *See generally* Tenn. R. App. P. 3(a). And Appellant did take advantage of that finality by filing an appeal as of right against the trial court's ruling. Moreover, the only issue remanded to the trial court was to reconsider the statutory authorization of the costs; the finality of the underlying judgment for purposes of the assessment of costs was therefore not altered in any respect by the appeal or the remand. In the absence of any authority to the contrary, we cannot conclude that the bill of costs was prematurely prepared in this case. Thus, having determined that the fees and costs assessed against Appellant do not exceed the statutory maximums, we affirm the decision of the trial court.

### III. CONCLUSION

Based on the foregoing, the judgment of the Lake County Circuit Court is affirmed, and this cause is remanded for all further proceedings as may be necessary and consistent with this Opinion. The costs of this appeal are taxed to Appellant Jabari Issa Mandela a/k/a John Wooden, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE