IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2020

## HUGH A. NICELEY v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 18-0957-I        Patricia Head Moskal, Chancellor**

_____

**No. M2019-02156-COA-R3-CV**

_____

This appeal arises from the summary dismissal of an inmate's petition for declaratory judgment on the calculation of his sentence expiration date. The inmate contended that each of his consecutive sentences should have begun automatically upon the expiration of the prior sentence's period of ineligibility for release. The trial court found the material facts were undisputed and concluded that the Tennessee Department of Correction correctly calculated the sentences. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Hugh A. Niceley, Wartburg, Tennessee, Pro Se.

Thomas Jon Aumann, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

### MEMORANDUM OPINION[1]

On May 13, 1994, Hugh Niceley ("Petitioner") was incarcerated after being found guilty of aggravated rape, aggravated sexual battery, and the rape of a child. One month

_____

[1] The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

later, the trial court sentenced Petitioner to the custody of the Tennessee Department of Correction ("the Department") for a total of 56 years. The court ordered Petitioner to serve the sentences in four consecutive terms: the first for 15 years; the second for 15 years; the third for eight years; and the fourth for 15 years.[2] As a Range I offender, Petitioner would be eligible for parole after serving 30% of each sentence.

In 1999, the trial court amended Petitioner's sentence for child rape by clarifying that Petitioner was required to serve 100% of his sentence for child rape to comply with Tenn. Code Ann. § 39-13-523.[3]

In or around 2003, Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. In 2006, the trial court granted the petition and ordered a new trial. Shortly thereafter, Petitioner was released on bond. In February 2008, however, the Court of Criminal Appeals reversed the trial court's order, and Petitioner's bond was revoked. *See Nicely v. State*, No. M2006-01892-CCA-R3-PC, 2008 WL 544600, at *5 (Tenn. Crim. App. Feb. 22, 2008).

Several years later, Petitioner moved to set aside the 1999 amended judgment for child rape, arguing that it was illegal. The trial court determined that Petitioner was required by statute to serve 100% of the sentence and denied the motion. The Court of Criminal Appeals affirmed the decision. *See State v. Niceley*, No. M2017-02535-CCA-R3-CD, 2019 WL 413741, at *2 (Tenn. Crim. App. Feb. 1, 2019).

Petitioner commenced this action pro se in September 2018 by filing a petition for declaratory judgment in the Davidson County Chancery Court. Petitioner contended that the Department made various errors in calculating his sentence, and he asserted that his last sentence would expire in October 2018. The Department opposed the Petition, contending Petitioner was still serving his third prison term.

In May 2019, the Department moved for summary judgment. Both parties relied on copies of Petitioner's judgment sheets and records from the Tennessee Offender Management Information System ("TOMIS"). In addition, the Department produced the affidavit of Amber Phillips, Assistant Director of the Department's Sentence Management Services. Ms. Phillips explained, *inter alia*, that the Department would not know the end date for Petitioner's fourth prison term until the Tennessee Board of Parole determined "how much of [the third term] . . . would have to be served."

---

[2] Petitioner was originally convicted on seven counts of aggravated rape but four were set aside on appeal. *See State v. Nicely*, No. 01C01-9506-CC-00160, 1996 WL 233985, at *5 (Tenn. Crim. App. May 9, 1996). The length and sequence of his prison terms were not altered by the reversal. *Id*.

[3] Tennessee Code Annotated § 39-13-523 provides in relevant part that "persons convicted of rape of a child . . . . shall be required to serve the entire sentence imposed." *Id*. § 523(a)(2) and (b).

In its Memorandum and Order of November 4, 2019, the trial court found no dispute over the material facts, determined that the Department was entitled to judgment as a matter of law, and entered judgment accordingly. This appeal followed.

### ISSUES

Petitioner raises four issues on appeal:

(1) Whether the first sentence became effective on the date the district attorney filed the judgment, or whether it became effective on the date calculated by the Department?

(2) Whether either the Department or the trial court had jurisdiction over the amended judgment for count 9?

(3) Whether the Board of Parole conducted custodial parole hearings on counts 1, 2, 3, and 8, without legal authority and jurisdiction of those counts?

(4) Whether TDOC correctly calculated the appellant's sentences?

### STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id*. We consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Courts should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment "does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

If the moving party satisfies its burden of production, "the nonmoving party may not rest on the allegations or denials in its pleadings." *Id.* at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id*. A fact is material "if it must be decided in order to resolve the substantive claim or defense at

which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*.

## ANALYSIS

It is the Department's responsibility "to calculate sentences in accordance with the sentencing court's judgment and with applicable sentencing statutes." *Bonner v. Tennessee Dep't of Correction*, 84 S.W.3d 576, 581–82 (Tenn. Ct. App. 2001) (citations omitted). "[T]he courts' interest in sentence calculation issues is simply 'in seeing to it that the law is properly applied.'" *Id*. at 582.

## I. EFFECTIVE DATE

Petitioner's first issue concerns the date that his first sentence began to run. When calculating his sentences, the Department used a "sentence effective date" of May 13, 1994.[4] Petitioner contends that his sentence did not "commence" until his judgments became final in February 1995; however, Petitioner does not dispute that he received credit for the time he served before and after February 1995. Accordingly, if identifying May 13, 1994, as the sentence effective date was an error, the error was immaterial, and "appellate courts 'will not reverse for immaterial errors.'" *Arnold v. Ford*, No. 01-A-01-9505-CV-00203, 1995 WL 611280, at *4 (Tenn. Ct. App. Oct. 19, 1995) (quoting *State v. Delinquent Taxpayers*, 167 S.W.2d 690, 693 (Tenn. Ct. App. 1942)).

## II. AMENDED JUDGMENT

Next, Petitioner contends that both the Department and the trial court lacked "jurisdiction of" the 1999 amended judgment. This argument is not only immaterial, but it is also barred by the doctrine of res judicata. *See Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) ("The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." (citations omitted)). As stated, the Court of Criminal Appeals ruled that Petitioner must serve 100% of his sentence for child rape. *See Niceley*, 2019 WL 413741, at *2 ("[I]t is without question the sentence in Count 9 for . . . was to be served at 100 percent."). Accordingly, the amended judgment did not change the length or sequence of Petitioner's prison terms, only Petitioner's eligibility for parole.

---

[4] Petitioner was sentenced under both the Criminal Sentence Reform Act of 1982 and the Criminal Sentence Reform Act of 1989. For the purposes of this case, there is no material difference between the 1982 and 1989 acts.

## III. Board of Parole Hearings

Petitioner's third issue regards the jurisdiction of the Board of Parole to conduct "custodial parole" hearings. Like the first two issues, this issue is immaterial to whether Petitioner was entitled to be released in October 2018.

According to Ms. Phillips, custodial parole hearings are provided to inmates who "have a sentence of 100% consecutive to a sentence with a release eligibility date." The legislature has delegated authority to the Board of Parole to determine the date an inmate will begin service of a consecutive sentence when the inmate has been "sentenced to consecutive sentences which require custodial parole consideration." Tenn. Code Ann. § 40-20-110(b)(1).

Petitioner had three parole hearings prior to October 2018 and was denied parole at all three hearings. Thus, the Board's actions had no effect on Petitioner's sentence expiration dates.

## IV. Periods of Ineligibility

Petitioner contends the Department failed to calculate each sentence's period of "ineligibility for release." Petitioner contends this is significant because "each sentence . . . immediately commences upon completion of the preceding sentence's period of ineligibility for release." We disagree.

Inmates convicted of felonies and serving sentences of over two years in confinement "are entitled to . . . consideration for early release upon attaining their 'release eligibility date.'" *Shorts v. Bartholomew*, 278 S.W.3d 268, 277 (Tenn. 2009) (emphasis added) (citing Tenn. Code Ann. § 40-35-501). The "release eligibility date" is "the earliest date an inmate convicted of a felony is eligible for parole." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012). For inmates serving consecutive sentences, "the periods of ineligibility for release are calculated for each sentence and are added together to determine the release eligibility date." Tenn. Code Ann. § 40-35-501(m).

It is undisputed that Petitioner's release eligibility date has passed. It is also undisputed that Petitioner has received consideration for parole three times. Thus, the "periods of ineligibility for release" and Petitioner's "release eligibility date" are no longer relevant. Petitioner provides no authority for his conclusion that he was automatically entitled to begin serving his consecutive sentences upon the expiration of the prior ineligibility period. Periods of ineligibility for release are significant **only when determining whether an inmate is entitled to be considered for release on parole**. *See id*.; *Shorts*, 278 S.W.3d at 277.

For the foregoing reasons, we affirm the judgment of the trial court.

**CONCLUSION**

We affirm the trial court's judgment and remand the matter for dismissal with costs of appeal assessed against Hugh A. Niceley.

_____

FRANK G. CLEMENT JR., P.J., M.S.